**UNITED STATES of America, Plaintiff–Appellant,**

v.

**Esly PEREIRA–SALMERON, Defendant–Appellee.**

**No. 02–10071.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 5, 2002.

Filed Aug. 4, 2003.

Virginia C. Kelly and Serra A. Tsethlikai, Office of the U.S. Attorney, Tucson, AZ, for the Appellant.

Hector A. Montoya, Tucson, AZ, for the Appellee.

Before B. FLETCHER, RAWLINSON and CLIFTON, Circuit Judges.

CLIFTON, Circuit Judge.

This case presents the question of whether a prior felony conviction under Virginia Code § 18.2–63, for carnal knowledge of a child between 13 and 15 years of age, constitutes a conviction for a "crime of violence" under the Federal Sentencing Guidelines provision governing sentences for unlawful re-entry into the United States, U.S.S.G. § 2L1.2 (2002). Under the November 2001 amendments to the Sentencing Guidelines, a defendant convicted of unlawful re-entry may be subject to a greater sentence if he had previously been deported following a felony convic-

tion. The level of sentence enhancement varies according to the nature of the defendant's prior crime. The district court in this case held that Pereira–Salmeron's 1999 conviction for "carnal knowledge of a child" constituted an "aggravated felony" under the Sentencing Guidelines, for which an 8–level enhancement was appropriate, but was not a "crime of violence," for which a 16–level enhancement would have applied. We disagree, and conclude that Pereira–Salmeron's prior Virginia conviction did involve a "crime of violence," warranting a 16–level sentencing enhancement. We therefore vacate the district court's sentence and remand for resentencing.

## BACKGROUND

In April 1998, defendant Esly Pereira–Salmeron, an alien and a citizen of El Salvador, rented a room in a private home in Virginia. After several months, his landlady began to suspect that Pereira–Salmeron, then 26, was developing a disturbingly close relationship with her 13–year–old daughter. She asked him to leave her home immediately. He left, and soon afterwards, the daughter ran away to live with him in Texas. In December 1998, the landlady appeared on a television show, pleading for her missing daughter to return home. Her daughter saw this and turned herself in to the police. Upon her arrival home in Virginia, it was discovered that she was pregnant with Pereira Salmeron's child.

Pereira–Salmeron was arrested in Texas, returned to Virginia, and convicted of a "Class 4 felony" under the Virginia statute for "carnally know[ing], *without the use of force*, a child thirteen years of age or older but under fifteen years of age." Va.Code § 18.2–63 (2002) (emphasis added).[1] He

---

1. The Virginia statute makes distinctions based upon the ages of the parties involved in the sexual activity. The statute provided in its entirety:

was sentenced to 8 years of imprisonment, with 6 years and 10 months suspended, and 5 years of probation. After serving 14 months in prison, he was deported to El Salvador on April 28, 2000.

On June 22, 2001, Pereira–Salmeron was arrested in Arizona. He was charged with illegal re-entry into the United States after deportation, in violation of 8 U.S.C. § 1326. On September 10, 2001, he pled guilty to that charge pursuant to a written plea agreement, admitting that prior to his deportation he had been convicted of statutory rape, an aggravated felony.

Pereira–Salmeron's Presentence Investigation Report calculated his total offense level at 21. This resulted from a base offense level of 8, enhanced by 16 levels for the Virginia aggravated felony conviction under U.S.S.G. § 2L1.2(b)(1)(A), and reduced by 3 levels for acceptance of responsibility. The presentence report noted, however, that a then-pending amendment to § 2L1.2 providing for graduated enhancements could potentially reduce Pereira–Salmeron's enhancement from 16 to 8 levels if the amendment became effective before the sentencing hearing took place.

The sentencing hearing was held on January 2, 2002—by which time the amendment had gone into effect—and the district court applied the lower, 8–level enhancement. The district court opined that al-though the plea bargain had contemplated a 16–level enhancement, the 8–level enhancement was more appropriate under the amended Guideline. This resulted in a total offense level of 13, and an imprisonment range of 18–24 months. The district court sentenced Pereira–Salmeron at the high end of the range, with 24 months in custody followed by 36 months of supervised release.

The Government timely appealed, asking that the sentence be vacated and that this case be remanded for resentencing.

## DISCUSSION

 This court reviews a district court's interpretation of the Sentencing Guidelines de novo. *See United States v. Alexander*, 287 F.3d 811, 818 (9th Cir. 2002). The Guideline relevant to this case was amended on November 1, 2001, and this case presents a question of first impression in this circuit.

As indicated above, prior to November 2001, the Sentencing Guidelines at § 2L1.2(b)(1) provided a 16–level sentencing enhancement for any defendant convicted of illegal reentry following deportation for any aggravated felony. Eventually, concerns that a blanket 16–level enhancement was disproportionately harsh for some felonies prompted the Sentencing Commission to provide gradu-

§ 18.2–63. Carnal knowledge of a child between 13 and 15 years of age.
If any person carnally knows, without the use of force, a child thirteen years of age or older but under fifteen years of age, such person shall be guilty of a Class 4 felony. However, if such child is thirteen years of age or older but under fifteen years of age and consents to sexual intercourse and the accused is a minor and such consenting child is three years or more the accused's junior, the accused shall be guilty of a Class 6 felony. If such consenting child is less than three years the accused's junior, the accused shall be guilty of a Class 4 misdemeanor.

In calculating whether such child is three years or more a junior of the accused minor, the actual dates of birth of the child and the accused, respectively, shall be used. For the purposes of this section, (I) a child under the age of thirteen years shall not be considered a consenting child and (ii) "carnal knowledge" includes the acts of sexual intercourse, cunnilingus, fellatio, anallingus, anal intercourse, and animate and inanimate object sexual penetration.

These relative age distinctions do not affect our determination because Pereira–Salmeron was not a minor at the time of the crime, nor was he close in age to the victim.

ated enhancements for subcategories of aggravated felonies. *See* U.S.S.G.App. C, amend. 632 (2001). Effective November 2001, the relevant section of the Sentencing Guidelines, § 2L1.2(b)(1), provided as follows:

(1) Apply the Greatest:

If the defendant previously was deported, or unlawfully remained in the United States, after—

(A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeded 13 months; (ii) a crime of violence; (iii) a firearms offense; (iv) a child pornography offense; (v) a national security or terrorism offense; (vi) a human trafficking offense; or (vii) an alien smuggling offense committed for profit, increase by 16 levels;

(B) a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, increase by 12 levels;

(C) a conviction for an aggravated felony, increase by 8 levels;

(D) a conviction for any other felony, increase by 4 levels....

Two of the categories, (A) and (C), are potentially relevant here. The government argues that Pereira–Salmeron's prior conviction was for a "crime of violence," warranting a 16–level enhancement under § 2L1.2(b)(1)(A)(ii). Pereira–Salmeron acknowledges that his Virginia conviction qualified as an aggravated felony, supporting an enhancement of 8 levels under § 2L1.2(b)(1)(C), but opposes any further enhancement.

The phrase "crime of violence" is defined in the Application Notes to § 2L1.2, which were also adopted as part of the 2001 amendment:

"Crime of violence"—

(I) means an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of force against the person of another; and

(II) includes murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.

U.S.S.G. § 2L1.2, cmt. n. 1(B)(ii) (2002).

Pereira–Salmeron contends that his prior Virginia conviction does not fall within the Guidelines definition for a "crime of violence" because the statute under which he was convicted explicitly addresses conduct undertaken "without the use of force." Va.Code § 18.2–63. He argues that the Virginia statute thus contradicts the subpart (I) requirement of "use, attempted use, or threatened use of force," and fails to constitute a *"forcible* sex offense" as enumerated under subpart (II). (Emphasis added.) Pereira–Salmeron notes that he did not physically coerce the 13–year–old girl and that their sexual activity was consensual.

Despite the Sentencing Commission's use of the conjunctive "and" between subparts (I) and (II), we read the two subparts as presenting alternative definitions of "crime of violence," rather than a two-pronged test requiring satisfaction of both subparts. Any offense listed in subpart (II) is inherently deemed to be a "crime of violence" for the purposes of this Guideline, whether or not the use, attempted use, or threatened use of force against the person of another, as set forth in subpart (I), is an element of the given offense. That is the logical reading of the definition.

We note that subpart (II) begins with the word "includes." That word inherently weighs against the notion that subpart (II) is a separate prong that must be satisfied, since it plainly indicates that the list to follow is not exhaustive. To read this definition to require that the prior conviction must satisfy both subparts would ef-

fectively ignore that word, something we are not free to do.

We further observe that some of the offenses listed in subpart (II), notably extortionate extension of credit and burglary of a dwelling, do not include the use of force as an element. Under the interpretation urged by Pereira–Salmeron, those crimes could not qualify as crimes of violence for purposes of this definition. But the explicit inclusion of those crimes within subpart (II) was obviously meant to have some purpose, and those words cannot properly be treated as if they were not there. *See United States v. Fuentes–Rivera,* 323 F.3d 869, 872 (11th Cir.2003) (burglary of a dwelling was a "crime of violence" for the purposes of § 2L1.2, because the Sentencing Commission enumerated burglary in its application note 1(B)(ii)(II), despite its lacking an element of physical force, and because an alternative reading would render subpart "mere surplusage"). *See also United States v. Rayo–Valdez,* 302 F.3d 314, 316 (5th Cir. 2002), and *United States v. Gomez–Hernandez,* 300 F.3d 974, 979 (8th Cir.2002), *cert. denied,* 537 U.S. 1138, 123 S.Ct. 931, 154 L.Ed.2d 831 (2003). If the list of crimes in subpart (II) was intended by the Commission to have any meaning at all, it must have been to highlight certain crimes as deserving treatment as *per se* crimes of violence. The drafters of the provision likely identified those crimes as inherently posing an implicit "threatened use of force,"—to use the language of subpart (I)—even though "force," as such, is not an essential element for conviction of those offenses.

Similarly, the use of the phrase "forcible sex offenses (including sexual abuse of a minor)" which appears in subpart (II) signifies that the offense of "sexual abuse of a minor" is to be included under "forcible sex offenses" for the purposes of this portion of the Guidelines. If the Sentencing Commission intended this section to apply to "sexual abuse of a minor" only when that crime involved the use of physical force, it would have been surplusage to include it in a parenthetical, because such a crime would have already have been covered by the term "forcible sex offenses." "We will not ascribe to the Sentencing Commission the intent to render a section of the Guidelines mere surplusage." *United States v. Lawton,* 193 F.3d 1087, 1092 (9th Cir.1999) (citation omitted). The added phrase "sexual abuse of a minor" was intended to embrace abuse that does not include the use of force, at least not overtly. Thus, an offense constituting "sexual abuse of a minor," whether it includes—or even explicitly excludes—"force" as an element, is deemed to be a "forcible sex offense" and thus a "crime of violence" for the purposes of this Guideline.

The same conclusion has been reached by every circuit to have addressed this question to date. The Fifth Circuit, for example, held that "[s]exual abuse of a minor—forcible or not—constitutes a crime of violence." *Rayo–Valdez,* 302 F.3d at 316. There, the Fifth Circuit applied the amended version of § 2L1.2 in a case where the defendant's prior conviction was for aggravated sexual assault of a child under 14 years old, under the Texas Penal Code. The court affirmed the defendant's sentence with a 16–level enhancement for a "crime of violence" under § 2L1.2(b)(1)(A)(ii) because it saw the conduct covered by the Texas statute as tantamount to sexual abuse of a minor.

The Seventh Circuit held in *United States v. Alvarenga–Silva,* 324 F.3d 884 (7th Cir.2003), that "[t]he Sentencing Commission likely enumerated certain serious offenses (like sexual abuse of a minor and burglary of a dwelling), rather than resting on a general definition, to ensure that those particular offenses would be treated

as crimes of violence regardless of variations in state statutory elements.... [T]o qualify as a crime of violence under § 2L1.2 it is enough that an offense *either* falls under the general definition in the first subsection *or* is included among the enumerated offenses in the second subsection." *Id.* at 887–88 (emphasis in original).

In *Gomez–Hernandez*, the Eighth Circuit held that a statutory rape in violation of California Penal Code § 261.5(d) is a crime of violence under § 2L1.2 on the theory that application note 1(B)(ii)(II) specifically enumerates sexual abuse of a minor as a crime of violence, and any conviction for a crime enumerated in subpart (II) is a per se crime of violence. 300 F.3d at 978–79.

Our reading of the definition provided in the application note is also consistent with decisions involving other provisions in the Sentencing Guidelines. We acknowledge that different words are used in some other definitions of "crime of violence" in the Guidelines and its notes. It would perhaps be clearer if the Commission used a more consistent definition. But there is no indication that the term is intended to mean something different for this provision than it does elsewhere, let alone that there is a difference that is meant to affect our treatment of Pereira–Salmeron's previous conviction. The cases regarding other provisions of the Sentencing Guidelines make clear that a sexual offense against a minor may constitute a crime of violence for sentencing purposes even though an element of force—actual, attempted, or threat-

ened—is not required. They indicate the logic behind automatic classification of the offenses listed in subpart (II) of the definition pertinent to this case as "crimes of violence," regardless of whether force is defined as an essential element of those offenses.

The courts have repeatedly determined that the language provided by the Guidelines indicates the Commission's intent to cover crimes that involve an implicit use of force or a substantial potential for violence. For example, in interpreting the definition of "crime of violence" contained in the career offender provisions of the Sentencing Guidelines, U.S.S.G. § 4B1.2,[2] we held in *United States v. Wood*, 52 F.3d 272 (9th Cir.1995), that the Washington State offense of indecent liberties with a minor was a "crime of violence" because it involved conduct that presented a serious potential risk of physical injury to the victim:

> Just as it is possible to commit burglary—expressly defined as a crime of violence—without actually causing physical injury, the fact that conviction was theoretically possible under circumstances which did not end in violence under Washington's former indecent liberties statute does not alter our conclusion that the offense generally posed a serious potential risk of physical injury to the victim.

*Id.* at 276.

Other courts have similarly held that sexual contact with a minor inherently presents a risk of force sufficient to char-

---

**2.** That Guideline defined "crime of violence" as follows:

(1) The term "crime of violence" means any offense under federal or state law punishable by imprisonment for a term exceeding one year that—

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

(ii) is burglary of a dwelling, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.* *Wood*, 52 F.3d at 274 (emphasis in original) (quoting U.S.S.G. § 4B1.2 (Nov.1993)).

acterize such misconduct as a "crime of violence" under the Sentencing Guidelines.[3] *See, e.g., United States v. Coronado–Cervantes*, 154 F.3d 1242, 1243–45 (10th Cir.1998) (construing sexual contact with a minor as a "crime of violence"); *United States v. Rodriguez*, 979 F.2d 138, 141 (8th Cir.1992) (construing lascivious acts with a child as a crime of violence). At the heart of these opinions is the belief " 'that when an older person attempts to sexually touch a child under the age of fourteen, there is always a substantial risk that physical force will be used to ensure the child's compliance.' " *United States v. Velazquez–Overa*, 100 F.3d 412, 422 (5th Cir.1996) (quoting *United States v. Reyes–Castro*, 13 F.3d 377, 379 (10th Cir.1993)). As the Fifth Circuit explained in *Velazquez–Overa*:

> [S]uch crimes typically occur in close quarters, and are generally perpetrated by an adult upon a victim who is not only smaller, weaker, and less experienced, but is also generally susceptible to acceding to the coercive power of adult authority figures.... In such cir-

cumstances, there is a significant likelihood that physical force may be used to perpetrate the crime.

*Velazquez–Overa*, 100 F.3d at 418.[4]

The specific issue before us is whether Pereira–Salmeron's conviction under § 18.2–63 falls within the category of "sexual abuse of a minor," so as to constitute a "crime of violence" under the relevant Guideline. We faced a similar question in a slightly different context in *United States v. Baron–Medina*, 187 F.3d 1144 (9th Cir.1999), *cert. denied*, 531 U.S. 1167, 121 S.Ct. 1130, 148 L.Ed.2d 996 (2001). There, we held that the California crime of lewd or lascivious act on a child under the age of 14 years constituted "sexual abuse of a minor." *Id.* at 1147. *Baron–Medina* also involved a sentence for unlawful reentry under 8 U.S.C. § 1326, but under the older version of the Sentencing Guideline. There, we considered whether the defendant's conviction constituted an "aggravated felony" under 8 U.S.C. § 1101(a)(43), which explicitly listed "sexual abuse of a minor" as an "aggravated felony in subpart (A)."[5]

3. Indeed, we note that despite the "without the use of force" language in the Virginia statute, the commonwealth of Virginia itself classifies the offense for which Pereira–Salmeron was convicted as a "violent" felony under its own sentencing laws. Virginia's criminal sentencing statute provides that "violent felony offenses shall include ... any class 4 felony violation of § 18.2–63." Va. Code § 17.1–805(C). Thus, the very state that authored § 18.2–63, including the language about force, defines Pereira–Salmeron's crime as a violent felony for the sake of sentencing.

4. There is a separate and additional risk of physical injury posed by the possibility of pregnancy. The Seventh Circuit noted this risk in considering still another provision of the Sentencing Guidelines in *United States v. Shannon*, 110 F.3d 382 (7th Cir.1997) (en banc). At issue there was the offense level for the crime of being a felon in possession of a firearm, which was subject to increase under

U.S.S.G. § 2K2.1(a)(4)(A) if the defendant had a prior felony conviction for a "crime of violence." The court concluded that a prior conviction for second-degree sexual assault of a child under Wisconsin law, meaning sexual contact or intercourse with a person under 16, qualified as a crime of violence because of the potential risks of injury associated with sexually transmitted diseases and pregnancy. The court reasoned that such consequences are likely to be especially harmful to a 13–year–old. 110 F.3d at 387–88 (citations omitted). In our case, the potential for physical injury resulting from pregnancy was not merely theoretical, since the 13–year–old girl here did, in fact, become pregnant.

5. We explicitly concluded that it was unnecessary in that case to reach the issue of whether "sexual abuse of a minor" constituted a "crime of violence"—and thus was an aggravated felony—within the meaning of subpart (F) of that statute. *See Baron–Medina*, 187 F.3d at 1145 n. 1. As noted above, the defini-

Pereira–Salmeron was convicted under Virginia Code § 18.2–63 for "carnally know[ing] ... a child ... under fifteen years of age." He was convicted of a Class 4 felony under that statute, as he was not a minor and was not close in age to the victim—he was 26 and she was 13. That constitutes sexual abuse of a minor. As we held in connection with the essentially similar California statute at issue in *Baron–Medina,* the conduct covered by the Virginia law "indisputably falls within the common, everyday meanings of the words 'sexual' and 'minor.' . . . The use of young children for the gratification of sexual desires constitutes an abuse." 187 F.3d at 1147.

We therefore conclude that Pereira–Salmeron's conviction for a Class 4 felony under Virginia Code § 18.2–63 qualifies as a conviction for a "crime of violence," calling for the imposition of a 16–level sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A) (2002).

Accordingly, we VACATE the district court's sentence and REMAND for resentencing.

tion of "crime of violence" contained in the application notes to the amended Guideline § 2L1.2 itself defines "sexual abuse of a mi-nor" to be a "crime of violence" for the purpose of sentencing under amended Guideline § 2L1.2.