**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Alberto ALVAREZ–GONZALEZ, Defendant–Appellant.**

No. 02–50633.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2003.*

Decided Nov. 20, 2003.

Jeannie M. Joseph, Esq., USSA–Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Angel K. Leung, FPDCA–Federal Public Defender's Office (Los Angeles), Los Angeles, CA, for Defendant–Appellant.

Before: PREGERSON, FERNANDEZ, and BERZON, Circuit Judges.

MEMORANDUM**

Alberto Alvarez–Gonzalez appeals the sentence imposed upon him after he pled

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

guilty to being an illegal alien who was found in the United States following deportation. *See* 8 U.S.C. § 1326(a). We affirm.

Alvarez's sentence was based on the determination that he had committed a crime of violence prior to his deportation. *See* USSG § 2L1.2.[1] He argues that his state court conviction for committing a lewd and lascivious act upon a minor[2] was not sexual abuse of a minor within the meaning of the Guideline.[3] He is wrong. *See United States v. Pereira–Salmeron,* 337 F.3d 1148, 1154–55 (9th Cir.2003); *United States v. Baron–Medina,* 187 F.3d 1144, 1147 (9th Cir.1999). He also argues that sexual abuse of a minor is not necessarily a crime of violence, anyway. Again, he is wrong. *See Pereira–Salmeron,* 337 F.3d at 1151–52.

AFFIRMED.

---

1. All references to the Sentencing Guidelines are to the November 1, 2002, version.

2. Cal.Penal Code § 288(a).

3. USSG § 2L1.2, comment. (n.1(B)(ii)(II)).

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.