**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Sergio Enrique ZAMORA–BRAMBILA, aka Sergio Enrique Zamora–Branila, Defendant—Appellant.**

No. 03–30135.

D.C. No. CR–02–00116–SEH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 9, 2004.

Decided Feb. 25, 2004.

David G. Dennis, Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

David F. Ness, Federal Defenders of Montana, Great Falls Office, Great Falls, MT, for Defendant–Appellant.

Before D.W. NELSON, FISHER and GOULD, Circuit Judges.

## MEMORANDUM *

Sergio Enrique Zamora–Brambila contends that the district court erred in imposing a 16 point sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A), arguing that his past conviction under South Dakota law for sexual contact with a child under 16 years of age does not constitute a crime of violence. *See* S.D. Codified Laws § 22–22–7.

In determining whether a prior conviction is a qualifying offense for sentencing enhancement purposes, we initially apply the categorical approach set forth in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990), looking only to the fact of conviction and the statutory definition of the prior offense, not the underlying facts. *See United States v. Pimentel–Flores,* 339 F.3d 959, 967–68 (9th Cir.2003).

If the statute criminalizes conduct that would not constitute a qualifying offense, we may "look a little further" and "consider whether other documentation and judicially noticeable facts demonstrate that the offense was, indeed, within the Guidelines' definition." *United States v. Shumate,* 329 F.3d 1026, 1029 (9th Cir.), *amended by* 341 F.3d 852 (9th Cir.2003), *cert. denied,* —— U.S. ——, 124 S.Ct. 1118, 157 L.Ed.2d 944 (2004). The documentation we may consider includes "the indictment, the judgment of conviction, jury instructions, a signed guilty plea, or the transcript from the plea proceedings." *United States v. Rivera–Sanchez,* 247 F.3d 905, 908 (9th Cir.2001) (en banc). The purpose of this modified categorical approach is "to determine if the record unequivocally establishes that the defendant was convicted of the generically defined crime, even if the statute defining the crime is overly inclu-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sive." *United States v. Corona–Sanchez,* 291 F.3d 1201, 1211 (9th Cir.2002) (en banc).

Even assuming the South Dakota statute under which Zamora–Brambila pled guilty fails the categorical test, his conviction nonetheless constitutes a crime of violence under a modified categorical approach. The indictment charges that "on or about the 6th of July, 1999," Zamora–Brambila "knowingly engage[d] in sexual contact with another person, to wit: K.E.T.—DOB: 10–2–85." The indictment also describes Zamora–Brambila as follows: "SERGIO ENRIQUE ZAMORA, DOB: 8–17–65." Thus, at the time of the sexual contact, Zamora–Brambila was 33 and his victim was 13. Zamora–Brambila's conviction qualifies as the "sexual abuse of a minor." *See United States v. Baron–Medina,* 187 F.3d 1144, 1147 (9th Cir.1999) (holding California crime involving the sexual touching of a child under 14 years of age constituted the "sexual abuse of a minor"); *see also United States v. Pereira–Salmeron,* 337 F.3d 1148, 1154–55 (9th Cir.2003) (concluding that defendant convicted of "carnal knowledge" of a 13-year-old when he was 26 had committed the sexual abuse of a minor). It was therefore a "crime of violence" under U.S.S.G. § 2L1.2. *See* U.S.S.G. § 2L1.2, cmt. n. 1(B)(ii)(II) (2002).

We also reject Zamora–Brambila's argument that whether a conviction qualifies as a crime of violence turns on the sexual intrusiveness involved in or the physical harm caused by the conduct reached by the statute. Any sexual abuse of a minor is sufficient. *See Pereira–Salmeron,* 337 F.3d at 1152 ("[A]n offense constituting 'sexual abuse of a minor,' whether it includes-or even explicitly excludes-'force' as

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

an element, is deemed to be a 'forcible sex offense' and thus a 'crime of violence' for the purposes of the Guideline.").

**AFFIRMED.**