**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Pablo GOMEZ–VIEYRA, Defendant–Appellant.**

No. 04–1397.

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 28, 2004.

Decided Oct. 1, 2004.

Penelope C. Fleming, Milwaukee, WI, for Plaintiff–Appellee.

Pablo Gomez–Vieyra, Beaver, WV, pro se.

Before POSNER, ROVNER, and WILLIAMS, Circuit Judges.

## ORDER

Pablo Gomez–Vieyra pleaded guilty to being back in the United States without permission after he was deported, *see* 8 U.S.C. § 1326(a), and was sentenced to 46 months' imprisonment. Gomez–Vieyra filed a notice of appeal, but his appointed appellate counsel seeks to withdraw on the ground that the potential issues he has identified are all frivolous. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Gomez–Vieyra was given an opportunity to respond under Circuit Rule 51(b), but he never did. Because counsel's brief is facially adequate, we limit our review to the potential issues identified by counsel. *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir.1997) (per curiam).

In 1995, Gomez–Vieyra was convicted of second-degree sexual assault on a child and was subsequently deported. At the time of deportation, Gomez–Vieyra was informed that he could not re-enter the United States without the permission of the Attorney General. In June 2003, Gomez–Vieyra was found in a Wisconsin county jail. After being charged under § 1326(a), Gomez–Vieyra entered into a plea agreement. At sentencing, the probation officer (applying the November 2002 edition of the sentencing guidelines manual in effect at the time Gomez–Vieyra committed the offense) recommended that the court apply a 16–level upward adjustment

because Gomez–Vieyra was deported after committing a "crime of violence," *see* U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2002). The district court applied the adjustment without objection from Gomez–Vieyra.

■ Counsel first considers whether Gomez–Vieyra could assert that the district court erroneously applied the 16–level increase because his conviction of second-degree sexual assault on a child is not a crime of violence under subsection (b)(1)(A)(ii). At the time Gomez–Vieyra was apprehended, the commentary to § 2L1.2 defined "crime of violence" generally to encompass any "offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another," but also listed specific offenses intended to categorically meet the definition, among them "forcible sex offenses (including sexual abuse of a minor)." U.S.S.G. § 2L1.2, comment. (n.1(B)(ii)) (2002).

Under Wisconsin law, second-degree sexual assault of a child includes no statutory *element* of force but instead is defined as "sexual contact or sexual intercourse with a person who has not attained the age of 16." Wis. Stat. § 948.02. The offense, then, is a crime of violence under the 2002 version of § 2L1.2 only if it falls within the explicit enumeration of "forcible sex offenses (including sexual abuse of a minor)." And while that language might seem to suggest that even the offense "sexual abuse of a minor" must be committed by means of force to qualify as a crime of violence, the Sentencing Commission last year issued a clarifying amendment endorsing decisions that construed the original language to mean that sexual abuse of a minor was to be deemed equivalent to a forcible sex offense—and thus a crime of violence—in all situations without regard to any showing of force.

U.S.S.G.App. C, amend. 658, Reason for Amend. (effective Nov. 1, 2003) (including "forcible sex offenses, statutory rape, [and] sexual abuse of a minor" among enumerated offenses constituting crimes of violence and explaining that "previous definition often led to confusion over whether the specified offenses listed in that definition, particularly sexual abuse of a minor ..., also had to include as an element" the use or attempted use of force); *see United States v. Sarmiento–Funes,* 374 F.3d 336, 344 (5th Cir.2004); *United States v. Pereira–Salmeron,* 337 F.3d 1148, 1152 (9th Cir. 2003); *see also United States v. Hartz,* 296 F.3d 595, 598 (7th Cir.2002) (courts may consider later amendments that clarify the guideline). Our inquiry, then would be limited to whether the Wisconsin offense committed by Gomez–Vieyra would constitute sexual abuse of a minor.

Our review of that question would be for plain error only because Gomez–Vieyra did not challenge the adjustment in the district court. *See* Fed.R.Crim.P. 52(b); *United States v. Olano,* 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *United States v. Cooper,* 243 F.3d 411, 415–16 (7th Cir.2001). And under this high standard, any argument for reversal would certainly be frivolous.

"Sexual abuse of a minor" is not defined by § 2L1.2. Gomez–Vieyra's conviction of sexual assault on a child does, however, fit within our understanding of the phrase "sexual abuse of a minor." *See United States v. Martinez–Carillo,* 250 F.3d 1101, 1104–05 (7th Cir.2001) (applying an "ordinary, contemporary, and common meaning" of the words "sexual abuse of a minor"). Second-degree sexual assault of a child, in Wisconsin, is committed whenever an individual "has sexual contact or sexual intercourse with a person who has not attained the age of 16." That statutory definition of the offense surely meets the

"ordinary, contemporary, and common meaning" of "sexual abuse of a minor." *Id.* And because sexual abuse of a minor, for purposes of § 2L1.2, is committed without regard to whether the defendant used force, *Sarmiento–Funes,* 374 F.3d at 344; *Pereira–Salmeron,* 337 F.3d at 1152, or the victim ostensibly gave consent, *United States v. Vargas–Garnica,* 332 F.3d 471, 474 (7th Cir.2003) (statutory rape conviction constituted sexual abuse of a minor), the mere fact that Gomez–Vieyra was convicted under § 948.02 would make an upward adjustment for having committed a crime of violence not plainly erroneous. Therefore, we conclude that any potential argument based on this contention would be frivolous.

 Counsel next considers whether Gomez–Vieyra could challenge as "double counting" the use of the same criminal conviction for second-degree sexual assault of a minor in calculating his criminal history score because, as we have seen, it already jumped his offense level by 16 levels. But counsel correctly recognizes that the guidelines explicitly provide that a conviction taken into account under § 2L1.2(b)(1) is "not excluded from consideration of whether that conviction receives criminal history points." U.S.S.G. § 2L1.2, comment. (n.5) (2002); *see United States v. Dyck,* 334 F.3d 736, 740 (8th Cir.2003). Thus the proposed argument would be frivolous.

 Lastly, counsel considers whether Gomez–Vieyra could contest his placement in a federal prison in West Virginia given that the district court recommended that he be housed closer to his family in Wisconsin. But a sentencing court's recommendation is not binding on the United States Bureau of Prisons, which, as the agent of the Attorney General, retains sole discretion regarding where inmates are housed. 18 U.S.C. § 3621(b); *see also United States v. Wilson,* 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992). We agree with counsel that an argument based on this contention would be frivolous.

Accordingly, counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.