**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――――

No. 04-4154

―――――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARTIN GONZALEZ-MICHEL,

Defendant - Appellant.

―――――――――――

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  Frank W. Bullock, Jr., District Judge.  (CR-03-371)

―――――――――――

Submitted:  August 27, 2004          Decided:  October 14, 2004

―――――――――――

Before NIEMEYER, TRAXLER, and GREGORY, Circuit Judges.

―――――――――――

Affirmed by unpublished per curiam opinion.

―――――――――――

Robert A. Ford, Steven P. Weaver, BROTHERTON FORD YEOMAN & WORLEY, P.L.L.C., Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Angela H. Miller, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

―――――――――――

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Martin Gonzalez-Michel pled guilty to illegally reentering the United States after he was deported following conviction of an aggravated felony, 8 U.S.C. § 1326(a), (b)(2) (2000). He received a sentence of forty-eight months imprisonment. Gonzalez-Michel appeals his sentence, contending that the district court erred in deciding that his prior North Carolina felony conviction for taking indecent liberties with a child[1] constitutes a crime of violence warranting a 16-level enhancement under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A) (2003). We affirm.

Gonzalez-Michel was deported in 1998 after he was charged with statutory rape of a girl under thirteen years old and pled guilty to the reduced charge of taking indecent liberties with a child. He reentered the United States illegally in May 2000, and was subsequently charged with illegal reentry after being convicted of an aggravated felony. He entered a guilty plea in November 2003 and was sentenced in February 2004. The 2003 Guidelines Manual applied when he was sentenced. See USSG § 1B.11(a) (requiring use of Guidelines Manual in effect on date defendant is sentenced).

Guideline section 2L1.2(b) provides a base offense level of 8 and a 16-level enhancement if the defendant has been convicted, before deportation, of certain offenses, including a "crime of violence." USSG § 2L1.2(b)(1)(A). An 8-level

---

[1]N.C. Gen. Stat. § 14-202.1 (LexisNexis 2003).

enhancement applies if the defendant was convicted of an "aggravated felony" before deportation. USSG § 2L1.2(b)(1)(C). Application Note 1(N)(iii) to § 2L1.2 states explicitly that sexual abuse of a minor is a "crime of violence" within the meaning of § 2L1.2(b)(1)(A). The term also includes other enumerated crimes and "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." Id. Application Note 3(B) states that the 8-level enhancement shall be applied "for any aggravated felony . . . with respect to which the offense level is not increased under subsections (b)(1)(A) or (B)." When Gonzalez-Michel was sentenced, the district court applied, over his objection, the 16-level enhancement from subsection (b)(1)(A), based on his conviction for taking indecent liberties with a child.

In this appeal, Gonzalez-Michel argues first that his North Carolina conviction for taking indecent liberties with a child is not a crime of violence under § 2L1.2 because it does not have as an element the use, attempted use, or threatened use of force against the person of another. Gonzalez-Michel does not dispute that the offense constitutes sexual abuse of a minor. See United States v. Pereira-Salmeron, 337 F.3d 1148, 1155 (9th Cir. 2003) ("The use of young children for the gratification of sexual desires constitutes an abuse.") (internal quotation and citation omitted). We review de novo the legal issue of whether a state

offense is a crime of violence under the sentencing guidelines. United States v. Pierce, 278 F.3d 282, 286 (4th Cir. 2002).

Gonzalez-Michel's first argument appears to focus on the 2002 version of § 2L1.2 and its commentary.[2] The 2003 commentary to § 2L1.2(b)(1) explicitly defines "sexual abuse of a minor" as a crime of violence distinct from "forcible sex offenses." USSG § 2L1.2, comment. (n.1(B)(iii)). Amendment 658, effective on November 1, 2003, was intended in part to clarify the definition of "crime of violence," as used in § 2L1.2, and to "make[] clear that the enumerated offenses are always classified as "crimes of violence," regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another." Even before the 2003 amendment, other circuits held that a conviction for an offense constituting sexual abuse of a minor, whether or not force was an element of the offense, was a crime of violence as defined in Application Note 1 to § 2L1.2. Pereira-Salmeron, 337 F.3d at 1152; United States v. Rayo-Valdez, 302 F.3d 314, 316 (5th Cir.), cert. denied, 537 U.S. 1095 (2002); United States v. Gomez-Hernandez, 300

---

[2]In the 2002 Guidelines Manual, the commentary to § 2L1.2 provided that "crime of violence," as used in the guideline, "(I) means an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of force against the person of another; and (II) includes murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling. USSG § 2L1.2, comment. (n.1(B)(ii)) (2002).

- 4 -

F.3d 974, 979 (8th Cir. 2002), <u>cert. denied</u>, 537 U.S. 1138 (2003). Moreover, we held in <u>Pierce</u> that the particular North Carolina offense at issue here was a crime of violence properly used as a predicate offense for a career offender sentence. <u>Pierce</u>, 278 F.3d at 289.

Gonzalez-Michel also maintains that the commentary to § 2L1.2 should not be followed because it imposes a greater punishment than is warranted by the language of the guideline itself. He relies on <u>Stinson v. United States</u>, 508 U.S. 36, 42-45 (1993) (holding that guideline controls if commentary is inconsistent with it). We discern no inconsistency between § 2L1.2(b) and the definition of crime of violence set out in Application Note 1(B)(iii). Gonzalez-Michel's final argument is based on his analysis of the language of the 2002 version of Application Note 1 which, as explained above, does not apply to his sentencing.

As Gonzalez-Michel has not identified any error in the district court's decision to impose the 16-level enhancement under § 2L1.2(b)(1)(A) for having been deported after conviction of a crime of violence, we affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>