**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Juan GONZALEZ–CARVAJAL,**
**Defendant–Appellant.**

**No. 07–50108.**

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 26, 2008 *.

Filed March 10, 2008.

Michelle P. Jennings, Esq., USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Heather R. Rogers, Esq., FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

MEMORANDUM **

Juan Gonzalez–Carvajal appeals from the 70–month sentence imposed by the district court following his jury-trial conviction for attempted re-entry after deportation, in violation of 8 U.S.C. § 1326. We

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Contrary to Gonzalez–Carvajal's contention, his prior conviction for second degree robbery, in violation of California Penal Code § 211, is categorically a "crime of violence" for purposes of U.S.S.G. § 2L1.2(b)(1)(A)(ii). *See United States v. Pereira–Salmeron,* 337 F.3d 1148, 1151 (9th Cir.2003) (holding that offenses specifically listed as examples of crimes of violence in the commentary to U.S.S.G. § 2L1.2 are "inherently deemed" to be crimes of violence); *United States v. McDougherty,* 920 F.2d 569, 573–74 (9th Cir.1990).

■ Gonzalez–Carvajal further contends that it was error for the district court to increase the statutory maximum for his sentence because the indictment did not allege and he did not admit that he was previously removed subsequent to his prior conviction. We agree. The error, however, was harmless beyond a reasonable doubt given that there was evidence of Gonzalez–Carvajal's prior removal and aggravated felony conviction. Therefore, the result would have been the same absent the error. *See United States v. Salazar–Lopez,* 506 F.3d 748, 756 (9th Cir. 2007).

Gonzalez–Carvajal also contends that this error is structural error. This contention is foreclosed. *See id.* at 752–55.

To the extent that Gonzalez–Carvajal contends that it was error for the district court to make a factual finding that he was removed subsequent to a conviction for an aggravated felony, we note that the evidence before the jury related to the removal which followed the prior conviction. Accordingly, the jury necessarily found beyond a reasonable doubt that Gonzalez–Carvajal's prior "removal was subsequent to a conviction for commission of an aggra-

vated felony". 8 U.S.C. § 1326(b)(2). *See United States v. Martinez–Rodriguez,* 472 F.3d 1087, 1092 (9th Cir.2007).

In addition, Gonzalez–Carvajal contends that *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), has been overruled. This contention is foreclosed. *See Salazar–Lopez,* 506 F.3d at 751 n. 3. Gonzalez–Carvajal also contends that § 1326(b) is unconstitutional on its face because it permits the district court to increase the statutory maximum based on facts found by the judge and neither admitted by the defendant nor found by the jury. This contention also is foreclosed. *See id.*

Alternatively, Gonzalez–Carvajal contends that *Almendarez–Torres* is limited to challenges to the indictment where the defendant admits the prior conviction during a guilty plea. This argument also is foreclosed. *See Salazar–Lopez,* 506 F.3d at 751 n. 3.

**AFFIRMED.**