FILED

NOT FOR PUBLICATION

MAR 31 2011

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-10517 |
| Plaintiff - Appellee, | D.C. No. 4:09-cr-00796-DCB-BPV-1 |
| v. | |
| VICTOR MANUEL BIURQUEZ-ZARAGOZA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted March 15, 2011[**]
San Francisco, California

Before:   W. FLETCHER and M. SMITH, Circuit Judges, and WU,
District Judge.[***]

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable George H. Wu, United States District Judge for the Central District of California, sitting by designation.

Victor Manuel Biurquez-Zaragoza appeals from the 51-month sentence imposed following his guilty-plea conviction for re-entry after deportation, in violation of 8 U.S.C. § 1326.  We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Biurquez-Zaragoza contends that the district court erred when it determined that his prior conviction for attempted robbery categorically qualified as a crime of violence under U.S.S.G. § 2L1.2.  He argues that the Kansas definition of robbery is not a "crime of violence" under the sentencing guidelines because it contains no element of violent force.  This is incorrect.

We have previously held that the enumerated offenses are "*per se* crimes of violence. . . . even though 'force,' as such, is not an essential element for conviction of those offenses."  *United States v. Pereira-Salmeron*, 337 F.3d 1148, 1152 (9th Cir. 2003).  This holding was not altered by *Johnson v. United States*, 559 U.S. __, 130 S.Ct. 1265 (2010), which only addressed the term "violent felony" as used in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1).  "Crime of Violence" as used in the sentencing guidelines is a term of art; it explicitly includes crimes that do not contain an element of violent force such as statutory rape, arson, extortion and extortionate extension of credit.  U.S.S.G. § 2L1.2 at cmt. n.(1)(B)(iii).  *See also Pereira-Salmeron*, 337 F.3d at 1152; *United States v.*

*Harris*, 572 F.3d 1065, 1066 (9th Cir. 2009) (per curiam) (recognizing that a robbery statute may meet the generic definition of robbery even if the robbery statute makes the degree of force immaterial); *United States v. Gomez-Leon*, 545 F.3d 777, 789 (9th Cir. 2008) (stating that when the court considers whether a crime of conviction falls within the list of enumerated offenses, it does so without regard for whether the crime meets the requirement of the application note's alternative residual clause element test). Biurquez-Zaragoza's conviction for attempted robbery therefore qualifies as a crime of violence. *See* U.S.S.G. § 2L1.2 cmt. n.5 (stating that prior conviction for attempt to commit crime of violence constitutes crime of violence).

Biurquez-Zaragoza also contends in his reply brief that his crime of conviction was not categorically a crime of violence under § 2L1.2 because Kansas's definition of "attempt" is broader than the federal definition. Biurquez-Zaragoza forfeited this argument by failing to raise it in his opening brief. *See Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir. 1990). Even were we to reach the merits of this claim, Biurquez-Zaragoza's argument is unpersuasive. When a state's definition of "attempt" is different from the federal definition, as is the case here, we look to how the state applies the definition to see if it overlaps in practice with the federal definition. *United States v. Rivera-Ramos*, 578 F.3d 1111,

1114 (9th Cir. 2009). After reviewing cases from the Kansas Supreme Court, we conclude that Kansas applies the "overt act" test in the same way the Ninth Circuit applies the "substantial step" test. *See, e.g.*, *State v. Gobin*, 531 P.2d 16, 19 Kan. 1975) (collecting cases) (stating that attempt requires "steps beyond mere preparation by doing something directly moving toward and bringing nearer the crime" and must approach "sufficiently near to consummation of the offense"); *see also State v. Peterman*, 118 P.3d 1267 (Kan. 2005); *State v. Martens*, 54 P.3d 960 (Kan. 2002); *State v. Zimmerman*, 833 P.2d 925 (Kan. 1992); *State v. Gonzales*, 783 P.2d 1239 (Kan.1989); *State v. Garner*, 699 P.2d 468 (Kan. 1985).

**AFFIRMED.**