**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Cosme MEDINA–MAELLA,
Defendant–Appellant.**

No. 02–50215.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 3, 2003.*

Filed Dec. 10, 2003.

---

\* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App.P. 34(a)(2).

Michael Petrik, Jr., Federal Defenders of San Diego, Inc., San Diego, CA, for the appellant.

Carol C. Lam, Bruce R. Castetter, Mi Yung C. Park, Office of the U.S. Attorney, San Diego, CA, for the appellee.

Before PREGERSON, TASHIMA, and CLIFTON, Circuit Judges.

CLIFTON, Circuit Judge.

This case presents the question of whether a prior felony conviction for lewd or lascivious acts upon a child under the age of 14 years, under California Penal Code § 288, constitutes a conviction for a "crime of violence" under the Federal Sentencing Guidelines provision governing sentences for unlawful re-entry into the United States, U.S.S.G. § 2L1.2 (2002). The district court held that Defendant Cosme Medina–Maella's 1999 conviction for violation of that California statute did constitute a "crime of violence" under § 2L1.2, and that the corresponding 16–level sentencing enhancement was appropriate. Medina–Maella argues that his prior conviction was for a simple aggravated felony, not for a "crime of violence," and that he should only be subject to an 8–level enhancement. Following our recent holding in *United States v. Pereira–Salmeron*, 337 F.3d 1148 (9th Cir.2003), we conclude that Medina–Maella's prior conviction was for a "crime of violence" under § 2L1.2. Thus, we affirm the district court's imposition of the greater 16–level enhancement.

## I. BACKGROUND

Medina–Maella's California conviction arose from a sexual relationship that he had with a girl who was 13 years old. At the time, Medina–Maella was 26. When Medina–Maella first developed a relationship with the victim, her mother attempted to separate the two but was unsuccessful. After the victim ran away from home to live with Medina–Maella, her mother contacted the police and Medina–Maella was arrested. By that time, the girl was pregnant. Both Medina–Maella and the victim admitted to the police that they had en-

gaged in sexual intercourse on numerous occasions, and Medina–Maella admitted that he had lied to the victim about his age.

Medina–Maella was eventually convicted of two counts of Lewd Act Upon a Child under Cal.Penal Code § 288(a),[1] and one count of Continuous Sexual Abuse under Cal.Penal Code § 288.5. He served 25 months in state prison and was subsequently deported.

In 2001, Medina–Maella attempted to re-enter the United States at the San Ysidro, California, Port of Entry. Immigration officials arrested him after discovering that the United States birth certificate Medina–Maella presented for identification did not belong to him and that he had been deported from the United States the previous day. Medina–Maella was indicted for attempted illegal entry after deportation in violation of 8 U.S.C. § 1326, and he pleaded guilty.

Prior to his sentencing hearing, Medina–Maella objected to the presentence report on the ground that it erroneously found that his conviction for lewd and lascivious conduct under Cal.Penal Code § 288(a) qualified as a predicate for the greater, 16–level sentencing enhancement under U.S.S.G. § 2L1.2(b)(1)(A) (2002). The district court overruled this objection at the sentencing hearing, holding that Medina–Maella's prior conviction for lewd and lascivious conduct did constitute a crime of violence under § 2L1.2, and that the 16–level sentencing enhancement was appropriate. The court sentenced Medina–Maella to 40 months in prison, followed by 36 months of supervised release.

## II. DISCUSSION

■ This court reviews a district court's interpretation of the Sentencing Guidelines de novo. *See United States v. Alexander,* 287 F.3d 811, 818 (9th Cir.2002).

■ The relevant section of the Sentencing Guidelines, § 2L1.2, provides four levels of sentencing enhancements for various felony convictions for any defendant convicted of illegal re-entry following deportation. The district court sentenced Medina–Maella under U.S.S.G. § 2L1.2(b)(1)(A)(ii), which provides in pertinent part: "If the defendant previously was deported ... after ... a conviction for a felony that is ... a crime of violence ... increase by 16 levels...."

In the Application Notes to § 2L1.2, the Sentencing Commission defines the phrase "crime of violence" in the following manner:

"Crime of violence"—

(I) means an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of force against the person of another; and

(II) includes murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses *(including sexual abuse of a minor)*, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.

U.S.S.G. § 2L1.2, cmt. n. 1(B)(ii) (2002) (emphasis added).

Medina–Maella argues that his prior conviction under Cal.Penal Code § 288(a)—where force is not an element of the given offense—should not be considered a "crime of violence" for the purposes of U.S.S.G. § 2L1.2. According to

1. Cal.Penal Code § 288(a) makes it a felony to "willfully and lewdly [commit] any lewd or lascivious act ... upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or the child...."

the defendant, when the Sentencing Commission amended § 2L1.2 in November 2001 to provide for graduated sentencing, it intended the greater sentence to apply to sexual abuse of a minor *only* where the use of physical force was involved. Medina–Maella contends that because his sexual relationship with the victim was consensual and because his conduct did not involve the necessary elements of force or threatened force, his prior conviction was not for a "crime of violence" and should not have subjected him to the higher, 16–level sentencing enhancement.

We rejected that argument in *Pereira–Salmeron,* which posed the same issue with regard to a prior conviction for a similar violation under Virginia law. That case involved remarkably similar facts. Pereira–Salmeron was arrested for illegally re-entering the United States after he was deported following a felony conviction. Pereira–Salmeron's prior conviction resulted from a sexual relationship he had with a 13–year–old girl when he was 26. And, as in the case at hand, the victim in *Pereira–Salmeron* ran away from home to live with the defendant, and their relationship resulted in a pregnancy. It also resulted in Pereira–Salmeron's conviction, under Va. Code § 18.2–63, for carnal knowledge of a child between 13 and 15. 337 F.3d at 1149–50. In *Pereira–Salmeron,* we held that the prior conviction under the Virginia statute for conduct that constitutes "sexual abuse of a minor," whether or not it included actual force as an element, constituted a "forcible sex offense" and thus a "crime of violence" for the purposes of § 2L1.2, making the 16–level sentencing enhancement appropriate. 337 F.3d at 1152.

The only question remaining is whether Medina–Maella's conviction pursuant to Cal.Penal Code 288(a) similarly constituted "sexual abuse of a minor" so as to constitute a "crime of violence." In *United States v. Baron–Medina,* 187 F.3d 1144, 1147 (9th Cir.1999), we held that conduct which violated the very statute at issue here, Cal.Penal Code § 288(a), constituted "sexual abuse of a minor" for the purposes of the prior version of U.S.S.G. § 2L1.2 (1999). The subsequent amendment to the Guidelines does not alter that conclusion.

Accordingly, because Medina–Maella's prior conviction under Cal.Penal Code § 288(a) for lewd or lascivious acts upon a child constitutes "sexual abuse of a minor," and is therefore a "crime of violence" for purposes of U.S.S.G. § 2L1.2(b)(1)(A) (2002), the district court's imposition of a 16–level sentencing enhancement was appropriate.

**AFFIRMED.**