UNITED STATES of America,
Plaintiff—Appellee,

v.

Pedro BUENO-SOLIS, aka Pedro Solis Bueno, Defendant—Appellant.

No. 04–10337.

D.C. No. CR–03–01588–CKJ.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 17, 2005.

Decided Dec. 2, 2005.

Danelle Bennett Liwski, Celeste Corlett, USTU—Office of the U.S. Attorney, Tucson, AZ, for Plaintiff-Appellee.

Peter Mark Raptis, FPDAZ—Federal Public Defender's Office, Tucson, AZ, for Defendant-Appellant.

Before BEEZER, KOZINSKI, and FERNANDEZ, Circuit Judges.

## MEMORANDUM *

Pedro Bueno–Solis ("Bueno–Solis") appeals the district court's application of a sixteen-level sentencing enhancement pursuant to U.S.S.G. § 2L.1.2(b)(1)(A) based on his 1997 conviction for lewd and lascivious acts with a child under 14 years of age in violation of California Penal Code § 288(a).

■ A district court's determination that a prior conviction permits application of the aggravated felony provisions of the Sentencing Guidelines is reviewed de novo. *United States v. Rivera–Sanchez*, 247 F.3d 905, 907 (9th Cir.2001) (en banc). "[A] prior felony conviction for lewd or lascivious acts upon a child under the age of 14 years, under California Penal Code § 288, constitutes a conviction for a 'crime of violence' under the Federal Sentencing Guidelines provision governing sentences for unlawful re-entry into the United States, U.S.S.G. § 2L1.2." *United States v. Medina–Maella*, 351 F.3d 944, 945 (9th Cir.2003). The district court properly relied upon the abstract of judgment and charging document to conclude that there was clear and convincing evidence that Bueno–Solis had been convicted under § 288(a). *See United States v. Rodriguez–Lara*, 421 F.3d 932, 949–50 (9th Cir.2005).

■ Bueno–Solis was seventeen years old at the time of his conviction for violations of § 288(a). The United States Sentencing Guidelines § 2L1.2, cmt. n. 1(A)(iv) states that "[s]ubsection (b)(1) does not apply to a conviction for an offense committed before the defendant was eighteen years of age unless such conviction is classified as an adult conviction under the laws of the jurisdiction in which the defendant was convicted." The government had the burden of proving by clear and convincing evidence that Bueno–Solis' conviction was "classified as an adult conviction" under the laws of the state of California before the district court could apply the sixteen-level enhancement. *See United States v. Jordan*, 256 F.3d 922, 927–28 (9th Cir. 2001).

The district court erroneously relied upon the 2002 version of California Welfare and Institutions Code § 602(b)(2)(G), which states in part that any person over the age of fourteen alleged to have committed an offense under § 288(a) "*shall* be prosecuted under the general law in a court of criminal jurisdiction," to conclude that there was clear and convincing evidence that Bueno–Solis' conviction was classified as an adult conviction by the State of California (emphasis added). The version of § 602 in effect at the time of Bueno–Solis' conviction did not contain this language. The version of § 602 in effect in 1997 states only that:

> Any person who is under the age of 18 years when he violates any law of this state or of the United States or any ordinance of any city or county of this state defining crime other than an ordinance establishing a curfew based solely on age, is within the jurisdiction of the juvenile court, which may adjudge such person to be a ward of the court.

Cal. Welf. & Inst.Code § 602 (1997) (amended 1999, 2000, 2001).[1]

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. We recognize that a juvenile who was 17 years of age could have been declared "not fit" for juvenile proceedings, after which an adult proceeding and conviction could ensue. *See* Cal. Welf. & Inst.Code §§ 707, 707.1 (1996).

982

The remaining evidence in the record is insufficient to prove by clear and convincing evidence that Bueno–Solis' conviction was classified as an adult conviction by the state of California. The sentence is vacated and the case is remanded for resentencing.

AFFIRMED in part, SENTENCE VACATED and REMANDED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.