

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-24-2006

# USA v. Efigenio

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2617

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Efigenio" (2006). *2006 Decisions.* Paper 1050.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1050

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-2617

_____

UNITED STATES OF AMERICA

v.

EDWIN ALFREDO EFIGENIO,
a/k/a EDWIN ALFREDO ESCOBAR

Edwin Alfredo Efigenio,
                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
D.C. Criminal No. 03-cr-00220
(Honorable Sylvia H. Rambo)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 24, 2006

Before:  SCIRICA, *Chief Judge*, NYGAARD, *Circuit Judges*,
and YOHN, *District Judge*[*]

(Filed:   May 24, 2006)

_____

OPINION OF THE COURT

_____

SCIRICA, *Chief Judge*.

_____

[*]The Honorable William H. Yohn, Jr., United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

Edwin Alfredo Efigenio appeals the District Court's judgment of sentence. We have jurisdiction under 18 U.S.C. § 3742(a). We will affirm.

Efigenio is a native and citizen of El Salvador. On October 14, 1997, Efigenio was convicted in the Superior Court of California of violating California Penal Code § 288(a), which prohibits lewd acts with a child under age fourteen. He was sentenced to three years in prison, and, following his release from prison, was deported from the United States. On October 1, 1999, Efigenio attempted to illegally re-enter the United States at Eagle Pass, Texas by providing false information to immigration officials. Efigenio admitted he knew he was not authorized to re-enter the country, and he was removed on October 11, 2000. On August 7, 2003, Efigenio was stopped by East Pennsboro Township Police in Cumberland County, Pennsylvania, on a routine traffic stop. The police ran an NCIC check, which revealed he was a deported felon, and then contacted U.S. Immigration and Customs Enforcement officials. Efigenio admitted to immigration officials that he had been previously removed from the United States and that he knowingly re-entered without permission.

Efigenio pled guilty to unlawful entry of an alien previously deported after conviction for an aggravated felony, a violation of 8 U.S.C. §§ 1326(a) and (b)(2). The presentence report designated an adjusted offense level of 21 and a criminal history category of II — applying a 16-level enhancement for Efigenio's previous deportation following conviction for a crime of violence, but recommending a three-level reduction for acceptance of responsibility. Accordingly, Efigenio was placed in a sentencing

guideline range of 41 to 50 months.  Rejecting Efigenio's objection to the 16-level enhancement, the District Court sentenced him to 41 months in jail, a $400 fine, and a $100 assessment.  Efigenio appealed.  We affirmed his conviction, but remanded to the District Court for re-sentencing in light of *Booker*.  The District Court imposed the same sentence on remand.  Efigenio filed a timely appeal challenging his sentence.

Efigenio makes two arguments on appeal.  First, he contends the District Court did not properly consider the sentencing factors listed in 18 U.S.C. § 3553(a), as mandated by *Booker*.  Second, he argues the 16-level enhancement was improper because his conviction for lewd and lascivious acts with a minor under fourteen under California Penal Code § 288(a) is not a crime of violence.

In *United States v. Booker*, the Supreme Court stated criminal sentences are to be reviewed for reasonableness and directed appellate courts to consider the factors listed in § 3553(a) in determining whether a sentence is reasonable.  543 U.S. 220, 261 (2005).  In *United States v. Cooper*, we clarified the framework for determining whether a sentence is reasonable under *Booker*.  437 F.3d 324, 329 (3d Cir. 2006).  Under *Cooper*, "we must first be satisfied the court exercised its discretion by considering the relevant factors."  *Id.* The record must indicate the District Court gave "meaningful consideration" to the § 3553(a) factors, but the court need not "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing."  *Id.*  In addition, "we must also ascertain whether [the § 3553(a)] factors were reasonably applied to the circumstances of the case."  *Id.* at 330.

3

Efigenio contends the District Court concentrated on only one of the § 3553(a) factors. But the District Court expressly noted its consideration of several factors in imposing the sentence, including: the nature and circumstances of the crime, § 3553(a)(1); and the need for the sentence imposed, § 3553(a)(2). With respect to the need for the sentence imposed, the District Court explicitly noted the need to: promote respect for the law, § 3553(a)(2)(A); deter criminal conduct, § 3553(a)(2)(B); and protect the public, § 3553(a)(2)(C). The District Court also considered the guidelines range, which is itself a factor under § 3553(a)(4).

Efigenio contends the District Court did not consider the need to avoid unwarranted sentencing disparities, § 3553(a)(6). At sentencing, Efigenio argued a 41 month sentence was unnecessarily harsh compared to the minimal punishment he received after his first illegal re-entry through Texas — deportation. The record reflects the District Court's consideration and rejection of this argument. The court concluded that Efigenio was treated more leniently after his entry at the Texas border because "[t]he problems they have on our border states are so overwhelming on the court." (App. 51.) On this record, "we are satisfied that the [District Court] exercised its discretion by considering the relevant factors." *Cooper*, 437 F.3d at 329.

Furthermore, the District Court reasonably applied those factors to this case. The court imposed a sentence at the low end of the advisory guidelines range. As the court noted, Efigenio was deported following his conviction for lewd and lascivious acts with a child under fourteen and has more than once entered the United States illegally.

4

Efigenio challenges the 16-level enhancement on the ground that his conviction for lewd and lascivious acts with a minor under fourteen under California Penal Code § 288(a) is not a "crime of violence" under the sentencing guidelines. As before *Booker*, we exercise plenary review over a district court's interpretation of the guidelines. *United States v. Cicirello*, 301 F.3d 135, 137 (3d Cir. 2002); *see United States v. Robinson*, 433 F.3d 31, 35 (1st Cir. 2005) ("We conclude . . . the decision in *Booker* did not disturb the standard of review that we apply to a district court's interpretation of the Guidelines.").

Notwithstanding Efigenio's citation to the definition of "crime of violence" in the 2002 guidelines (Appellant's Br. 16), the 2003 sentencing guidelines, under which Efigenio was sentenced, are determinative. *See* 18 U.S.C. § 3742(g); U.S.S.G. § 1B1.11 (2003). The 2003 guidelines explicitly include "sexual abuse of a minor" in the definition of a "crime of violence." U.S.S.G. § 2L1.2 app. n.1 (B)(iii) (2003). As we noted in *United States v. Remoi*, the 2003 amendment to the definition makes it clear that "the enumerated offenses are always classified as 'crimes of violence,' regardless of whether the prior offense expressly has as an element the use, attempted use, or threatened use of physical force against the person of another." 404 F.3d 789, 796 (3d Cir. 2005) (citing U.S.S.G. § 2L1.2 app. C. (vol. II), amend. 658, at 401-02 (Supp. 2003)). Accordingly, if Efigenio committed sexual abuse of a minor, his prior conviction is *per se* a crime of violence.

Efigenio's conviction for lewd and lascivious acts against a child under fourteen constitutes sexual abuse of a minor. Our precedent does not provide a comprehensive

5

definition of "sexual abuse of a minor." *Singh v. Ashcroft*, 383 F.3d 144, 153 (3d Cir. 2004). Nevertheless, the plain meaning of that phrase clearly encompasses "any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child . . . ." Cal. Penal Code § 288(a). We also find persuasive the Ninth Circuit's decision in *United States v. Medina-Maella*, 351 F.3d 944 (9th Cir. 2003), which addressed the precise question raised by Efigenio. The Ninth Circuit upheld a 16-level sentence enhancement, concluding the defendant's prior conviction for violation of § 288(a) of the California Penal Code constituted sexual abuse of a minor, and thus, a crime of violence for purposes of the 2002 sentencing guidelines. *Id.* at 947. Accordingly, the District Court did not err in imposing a 16-level enhancement for a prior conviction for a crime of violence.

The District Court's sentence was neither unreasonable nor contrary to law. Accordingly, we will affirm the judgment of sentence.