**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Oscar Armando MENDOZA, Defendant—Appellant.**

No. 05–50447.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 16, 2006.

Filed Aug. 25, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Orlando Gutierrez, Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Elizabeth M. Barros, Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: KOZINSKI, O'SCANNLAIN, and BYBEE, Circuit Judges.

MEMORANDUM *

The facts and the procedural posture of the case are known to the parties and we do not repeat them here.

* This disposition is not appropriate for publica-   tion and may not be cited to or by the courts

■ Oscar Mendoza was convicted of violating 8 U.S.C. § 1326 and now seeks to collaterally attack his deportation, claiming that due process errors and ineffective assistance of counsel deprived him of access to relief from deportation. We review his claim de novo. *United States v. Velasco–Medina,* 305 F.3d 839, 847 (9th Cir.2002). He must show that he has exhausted his administrative remedies, that the deportation proceedings deprived him of the opportunity for judicial review, and that the deportation order was "fundamentally unfair." 8 U.S.C. § 1326(d); *see also United States v. Ubaldo–Figueroa,* 364 F.3d 1042, 1048 (9th Cir.2004). To show unfairness satisfying § 1326(d)(3), Mendoza "must demonstrate that (1) his due process rights were violated by defects in his underlying deportation proceeding, and (2) he suffered prejudice as a result of the defects." *Velasco–Medina,* 305 F.3d at 847–48 (internal quotation marks omitted). Because counsel at the deportation hearing waived Mendoza's right to appeal without consulting him, his failure to exhaust his appeals is excused and he was deprived of meaningful judicial review. *United States v. Zarate–Martinez,* 133 F.3d 1194, 1197 (9th Cir.1998). Even assuming that the alleged due process violations occurred, Mendoza cannot show prejudice. His 2001 aggravated felony conviction precluded any relief under the former Immigration and Nationality Act section 212(c) (repealed 1996), *see Alvarez–Barajas v. Gonzales,* 418 F.3d 1050, 1054 (9th Cir.2005), as well as the availability of voluntary departure. *See* 8 U.S.C. 1229c(a)(1). Further, Mendoza showed up for his removal hearing, so any procedural defect in the notice to appear was nonprejudicial. Because defendant does not contest the predicates for removability and he was not eligible for any type of relief from removal, the district court

of this circuit except as provided by 9th Cir.

properly found that Mendoza cannot show the requisite prejudice.

■ Mendoza's other claims also lack merit. Mendoza's statements made during his initial encounter with the border patrol were properly admitted because Mendoza was not then in custody. *See United States v. Galindo–Gallegos,* 244 F.3d 728, 730–32 (9th Cir.2001). The district court did not err in refusing to permit Mendoza to challenge the legality of his deportation before the jury. *See United States v. Mendez–Casillas,* 272 F.3d 1199, 1206 (9th Cir.2001). At sentencing, the trial judge properly declined to grant Mendoza a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, finding that he had not made adequate statements of remorse. Additionally, the district court correctly determined that because sexual abuse of a minor was included as a crime of violence in the commentary accompanying U.S.S.G. § 2L1.2(b)(1)(A), Mendoza should receive a sixteen-level upward enhancement. *United States v. Medina–Maella,* 351 F.3d 944, 947 (9th Cir.2003).

**AFFIRMED.**