**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Marco Antonio SIRIANO–ORTIZ,
Defendant–Appellant.**

No. 05–50818.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 4, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

U.S. Attorney, Office of the U.S. Attorney, San Diego, CA, for Plaintiff-Appellee.

Gerard J. Wasson, Esq., Grimes & Warwick, San Diego, CA, for Defendant-Appellant.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

### MEMORANDUM **

Marco Antonio Siriano-Ortiz appeals from the 40-month sentence imposed following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Siriano-Ortiz contends that the district court erred by enhancing his sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) because his prior conviction for a lewd or lascivious act involving a child under the age of 14 years, in violation of California Penal Code § 288(a), is not categorically a crime of violence. This contention fails. *See United States v. Medina–Maella,* 351 F.3d 944, 947 (9th Cir.2003); *United States v. Baron–Medina,* 187 F.3d 1144, 1147 (9th Cir.1999).

Siriano-Ortiz also contends that the statutory maximum under § 1326 is two years of imprisonment and one year of supervised release because: 1) *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), does not govern under the doctrine of constitutional avoidance; 2) *Almendarez–Torres* has been overruled; and 3) 8 U.S.C. § 1326(b) is unconstitutional. These contentions fail. *See United States v. Covian–Sandoval,* 462 F.3d 1090, 1096–97 (9th Cir.2006).

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.