**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Huren BARAJAS–BECERRIL,**
**Defendant–Appellant.**

**No. 07–50543.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 28, 2008 *.

Filed Nov. 4, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Luella M. Caldito, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Candis L. Mitchell, Esq., FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM **

Huren Bajaras–Becerril appeals from the 63–month sentence imposed following his guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Barajas–Becerril contends that the district court erred by enhancing his sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) because his prior conviction for a lewd or lascivious act involving a child under the age of 14 years, in violation of California Penal Code § 288(a), is not categorically a crime of violence. This contention fails. *See United States v. Medina–Maella,* 351 F.3d 944, 947 (9th Cir.2003); *United States v. Baron–Medina,* 187 F.3d 1144, 1147 (9th Cir.1999).

Barajas–Becerril next contends that his sentence violates *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the exact date of his prior removal was not alleged in the indictment, nor admitted by him. Because the indictment alleged that his removal

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

occurred subsequent to the date of his prior conviction, this contention fails. *See United States v. Calderon–Segura,* 512 F.3d 1104, 1110–11 (9th Cir.2008).

As Barajas–Becerril concedes, his contentions that the statutory maximum under § 1326 is two years of imprisonment and one year of supervised release because: 1) *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), does not govern under the doctrine of constitutional avoidance; 2) *Almendarez–Torres* has been overruled; and 3) 8 U.S.C. § 1326(b) is unconstitutional, are foreclosed. *See United States v. Covian–Sandoval,* 462 F.3d 1090, 1096–97 (9th Cir.2006).

**AFFIRMED.**