UNITED STATES of America,
Plaintiff—Appellee,

v.

Manuel CABRERA–ALEJANDRE,
Defendant—Appellant.

No. 08–50076.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 3, 2009.*

Filed June 2, 2009.

See also 2007 WL 935599.

William Allen Hall, Jr., Assistant U.S., Kyle W. Hoffman, Assistant U.S. Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Jeremy Warren, Law Offices of Jeremy D. Warren, San Diego, CA, for Defendant–Appellant.

Before: PREGERSON, GRABER, and WARDLAW, Circuit Judges.

MEMORANDUM **

Manuel Cabrera–Alejandre ("Cabrera") appeals the district court's trial instruction that defense counsel should phrase the government's burden of proof as "beyond a reasonable doubt" rather than "beyond *any* reasonable doubt." Cabrera also appeals the ninety-month sentence imposed after his guilty-plea conviction for illegal reentry following removal in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. The district court did not abuse its discretion by requiring defense counsel to describe the government's burden of proof as "beyond *a* reasonable doubt," a correct statement of law, in closing argument. *See Oregon v. Ice,* —— U.S. ——, 129 S.Ct. 711, 714, 172 L.Ed.2d 517 (2009) (describing the jury's historic function as "determining whether the prosecution has proved each element of an offense beyond a reasonable doubt"). While "beyond *any* reasonable doubt" may also be a correct formulation, the phrases have the same meaning to a jury. There was no structural error or violation of a constitutional right. *See United States v. Spillone,* 879 F.2d 514, 518 (9th Cir.1989) ("The trial court has broad discretion in controlling closing arguments, and, in the absence of an alleged violation of specific constitutional rights, we will apply an abuse of discretion standard of review." (internal quotation marks omitted)).

2. The district court did not err by imposing a sixteen-level sentencing enhancement for Cabrera's prior conviction under California Penal Code section 288(a). *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2007). We previously have held that section 288(a) categorically constitutes a "crime of violence" under the approach set forth in *Taylor v. United States,* 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). *See United States v. Medina–Maella,* 351 F.3d 944, 947 (9th Cir.2003); *United States v. Baron–Medina,* 187 F.3d 1144, 1147 (9th Cir.1999). For the reasons explained in *United States v. Medina–Villa,* 567 F.3d 507, 511–16 (9th Cir.2009), our recent decision in *Estrada–Espinoza v. Mukasey,* 546 F.3d 1147 (9th Cir.2008) (en banc), does not change this conclusion.

**AFFIRMED.**