MEMORANDUM **
Felipe Carrasco-Rivera appeals his 48-month sentence and conviction for being a previously deported alien found in the United States, in violation of 8 U.S.C. § 1326(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
The district court did not err in imposing a sixteen-level sentencing enhancement for Carrasco-Rivera’s prior conviction under California Penal Code § 288(a). See U.S.S.G. § 2L1.2(b)(l)(A)(ii). We previously have held that § 288(a) categorically constitutes a “crime of violence” under the approach set forth in Taylor v. United States, 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990). United States v. Medina-Maella, 351 F.3d 944, 947 (9th Cir.2003). For the reasons explained in United States v. Medina-Villa, 567 F.3d 507, 511 (9th Cir.2009), our recent decision in Estrada-Espinoza v. Mukasey, 546 F.3d 1147 (9th Cir.2008) (en banc), does not change this conclusion.
As Carrasco-Rivera concedes, his remaining arguments — that we should limit Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), to its facts under the doctrine of constitutional doubt; that Almendarez-Ton-es has been overruled; and that 8 U.S.C. § 1326(b) is unconstitutional — are squarely foreclosed by our precedent. See United States v. Salazar-Lopez, 506 F.3d 748, 751 n. 3 (9th Cir.2007); United States v. Beng-Salazar, 452 F.3d 1088, 1091 (9th Cir.2006); United States v. Covian-Sandoval, 462 F.3d 1090, 1096-97 (9th Cir.2006).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.