**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE RUBEN NIETO-RESENDIZ,

Defendant - Appellant.

No. 08-50580

D.C. No. 3:07-cr-03347-JTM

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Submitted November 17, 2009[**]

Before:    ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Jose Ruben Nieto-Resendiz appeals from the 45-month sentence imposed

following his guilty-plea conviction for being a deported alien found in the United

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

SZ/Research

States, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm, but remand to correct the judgment.

Nieto-Resendiz contends that the district court erred when it applied a 16-level enhancement, pursuant to U.S.S.G. § 2L1.2, because his prior conviction for lewd or lascivious acts with a child under 14 years of age, in violation of Cal. Penal Code § 288(a), does not qualify as a crime of violence. He contends that *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2008) (en banc), overruled *United States v. Baron-Medina*, 187 F.3d 1144 (9th Cir. 1999), and *United States v. Medina-Maella*, 351 F.3d 944 (9th Cir. 2003). This contention is foreclosed by *United States v. Medina-Villa*, 567 F.3d 507, 511-16 (9th Cir. 2009).

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062 (9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the incorrect reference to § 1326(b). *See United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to § 1326(b)).

**AFFIRMED; REMANDED to correct the judgment.**