**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 05 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>MIGUEL ANGEL FONSECA,<br><br>Defendant - Appellant. | No. 09-50254<br><br>D.C. No. 3:08-CR-03610-DMS<br><br>MEMORANDUM [*] |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted February 16, 2010 [**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

Miguel Angel Fonseca appeals from the 36-month sentence imposed

following his guilty-plea conviction for attempted entry after deportation, in

violation of 8 U.S.C. § 1326.  We have jurisdiction pursuant to 28 U.S.C. § 1291,

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

EG/Research

and we affirm.

Fonseca contends that the district court procedurally erred by failing to address several of his sentencing arguments and that the sentence was substantively unreasonable because it failed adequately to reflect the considerations at 18 U.S.C. § 3553(a). Our review of the record indicates that the judge's explanation of the sentence was procedurally adequate under the circumstances. *See Rita v. United States*, 551 U.S. 338, 359 (2007); *United States v. Carty*, 520 F.3d 984, 995 (9th Cir. 2008) (en banc). Considering the totality of the circumstances, the 36-month sentence—five months below the advisory guidelines range—was substantively reasonable. *Id.* at 993.

Fonseca also contends that application of the 16-level enhancement under U.S.S.G. § 2L1.2 resulted in improper double-counting of the fact of his prior conviction, because the prior conviction was also considered in calculating his criminal history category. This argument is foreclosed by *United States v. Garcia-Cardenas*, 555 F.3d 1049 (9th Cir. 2009) (per curiam).

Finally, Fonseca contends that the district court erred in applying the 16-level enhancement under U.S.S.G. § 2L1.2 because Fonseca's prior conviction for lewd or lascivious acts with a child under 14 years of age, in violation of Cal. Penal Code § 288(a), does not qualify as a crime of violence. He contends that

*Estrada-Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2008) (en banc), overruled

*United States v. Baron-Medina*, 187 F.3d 1144 (9th Cir. 1999), and *United States*

*v. Medina-Maella*, 351 F.3d 944 (9th Cir. 2003). This contention is foreclosed by

*United States v. Medina-Villa*, 567 F.3d 507, 511-16 (9th Cir. 2009). Fonseca's

related contention that *Nijhawan v. Holder*, 129 S. Ct. 2294 (2009), effectively

overruled *Medina-Villa* also fails. *See Nijhawan*, 129 S. Ct. at 2300.

**AFFIRMED.**