FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

OCT 04 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 09-50054 |
| Plaintiff - Appellee, | D.C. No. 3:08-CR-00539-JLS |
| v. | |
| JOSE PEREZ-RAMOS, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted September 13, 2010[**]

Before:    SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

Jose Agusto Perez-Ramos appeals from the 60-month sentence imposed

following his guilty-plea conviction for attempted entry after deportation, in

violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and

we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

Perez-Ramos contends that the district court erred when it applied a 16-level enhancement, pursuant to U.S.S.G. § 2L1.2, because his prior conviction for lewd or lascivious acts with a child under 14 years of age, in violation of Cal.Penal Code § 288(a), does not qualify as a crime of violence. He contends that *Estrada-Espinoza v. Mukasey*, 546 F.3d 1147 (9th Cir. 2008) (en banc), overruled *United States v. Baron-Medina*, 187 F.3d 1144 (9th Cir. 1999), and *United States v. Medina-Maella*, 351 F.3d 944 (9th Cir. 2003). This contention is foreclosed by *United States v. Medina-Villa*, 567 F.3d 507, 511-16 (9th Cir. 2009).

Perez-Ramos also contends that *Nijhawan v. Holder*, 129 S. Ct. 2294 (2009), effectively overruled *Medina-Villa*. This contention fails. *See Nijhawan*, 129 S. Ct. at 2300.

Finally, Perez-Ramos's contention that we must call for en banc review based on a conflict between *Estrada-Espinoza* and *Medina-Villa* is without merit. *See Pelayo-Garcia v. Holder*, 589 F.3d 1010, 1013-16 (9th Cir. 2009) (recognizing that *Estrada-Espinoza* and *Medina-Villa* set out "two different generic federal definitions of 'sexual abuse of a minor'" and looking to both definitions to determine whether conviction under Cal. Penal Code § 261.5(d) qualifies as generic federal crime of "sexual abuse of a minor," under categorical approach).

**AFFIRMED.**

09-50054