NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

**DEC 12 2024**

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SILAS BERNARD PETERSON, | No. 22-55490 |
| Petitioner - Appellant, | D.C. Nos. |
| | 5:18-cr-00037-AB-1 |
| v. | 2:21-cv-07883-AB |
| UNITED STATES OF AMERICA, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
André Birotte Jr., District Judge, Presiding

Submitted November 5, 2024[**]
Pasadena, California

Before: SCHROEDER, CALLAHAN, and WALLACH,[***] Circuit Judges.

Silas Bernard Peterson appeals the district court's order denying his motion

under 28 U.S.C. § 2255 to vacate his convictions and sentence under

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Evan J. Wallach, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

18 U.S.C. § 2250(a) for failure to register as a sex offender after traveling in interstate commerce under the Sex Offender Registration and Notification Act ("SORNA"). We review the district court's decision to deny a motion under § 2255 de novo. *United States v. Juliano*, 12 F.4th 937, 940 (9th Cir. 2021). We have jurisdiction under 28 U.S.C. §§ 2253 and 2255(d). We affirm.

The district court correctly determined that Peterson's 1993 conviction requires him to keep a current SORNA registration. Peterson argues that the district court erred in taking a "circumstance-specific" approach to analyzing whether his state conviction falls within SORNA's "sex offense" definition, and that the district court should have instead used the "categorical approach," looking only to the elements of the underlying state conviction. *See Descamps v. United States*, 570 U.S. 254, 261 (2013) ("The key [to the categorical approach] . . . is elements, not facts."). Peterson argues that the 1993 conviction was not a SORNA qualifying offense under a categorical approach, or even under a circumstance-specific approach, and that the district court's conclusion that he committed a "sex offense" requiring registration under SORNA should be reversed. *See* 34 U.S.C. § 20911(7)(I). We disagree.

Underlying this case is Peterson's 1993 conviction. Peterson pleaded guilty to three counts under California Penal Code § 288(a), which provided:

> 288. (a) Any person who shall willfully and lewdly commit any lewd
> or lascivious act including any of the acts constituting other crimes

2

provided for in Part 1[1] of this code upon or with the body, or any part or member thereof, of a child under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust or passions or sexual desires of that person or of the child, shall be guilty of a felony and shall be imprisoned in the state prison for a term of three, six, or eight years.

Cal. Penal Code § 288(a) (effective 1989).[2]

Years passed after Peterson's conviction. Peterson registered as a sex offender in California as recently as 2005. However, after Congress passed SORNA in 2006, *see* Pub. L. No. 109-248, §§ 101–55, 120 Stat. 587 (2006), Peterson traveled interstate, including between California and Georgia, without updating his registration as required by the federal statute. In 2018, Peterson was charged with and pleaded guilty to failure to register as a "sex offender" under SORNA, which requires sex offenders to register and keep an updated registration when traveling in interstate commerce. 18 U.S.C. § 2250(a)(1). In 2021, Peterson filed a § 2255 motion, which the district court denied. The district court held that Peterson's § 288(a) conviction was a "sex offense" under SORNA. Under SORNA, a "sex offense" is "a criminal offense that is," 34 U.S.C.

---

[1]    The district court stated that "[t]he other crimes provided for in Part 1 of California Penal Code, include bigamy, incest, sodomy, bestiality, and oral copulation."

[2]    This statute has been amended several times since 1993, but this memorandum disposition relies upon the statute as in effect when Mr. Peterson was convicted in 1993.

§ 20911(5)(A)(ii), "an offense against a minor that involves . . . [a]ny conduct that by its nature is a sex offense against a minor," 34 U.S.C. § 20911(7)(I).

We review the district court's decision de novo and consider whether Peterson's prior conviction requires him to register under SORNA. *Juliano*, 12 F.4th at 940. Using a categorical approach, to which Peterson argues he is entitled, we need to "look only to the statutory definitions of the prior offenses," to determine it is a "sex offense" under SORNA. *See Taylor v. United States*, 495 U.S. 575, 600 (1990) (describing the categorical approach in general). In other contexts, we have held that a conviction under § 288(a) constitutes "sexual abuse of a minor." *See United States v. Medina-Maella*, 351 F.3d 944, 947 (9th Cir. 2003). A conviction under § 288(a) constitutes a "sexual offense" under SORNA. A "lewd or lascivious act . . . with the body . . . of a child [under 14] with the intent of arousing . . . sexual desires of [the perpetrator] or of the child," Cal. Penal Code § 288(a), is categorically "conduct that by its nature is a sex offense against a minor," 34 U.S.C. § 20911(7)(I). Thus, Peterson was convicted of a "sex offense" that requires registration under SORNA. 34 U.S.C. § 20911(1).

Peterson's argument that the district court should have used a categorical rather than a circumstance-specific approach is therefore without merit. Under either the categorical approach or the district court's circumstance-specific analysis, Peterson's prior offense is a SORNA qualifying offense.

Peterson also argues on appeal that he had ineffective assistance of counsel due to the counsel's failure to move to dismiss the SORNA charge. However, because we have concluded that Peterson's state conviction qualifies as a sex offense under SORNA, his ineffective assistance of counsel argument necessarily fails. *See Lafler v. Cooper*, 566 U.S. 156, 162–63 (2012).

**AFFIRMED.**