United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 15, 2004**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

---

No. 02-20697

---

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

VERSUS

JESUS RODRIGUEZ-RODRIGUEZ,

Defendant – Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas

---

Before HIGGINBOTHAM, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:

In response to the Government's petition, a panel rehearing is granted. After further reflection and review, we have determined that the original opinion should be vacated, and the following opinion substituted in its place.

Jesus Rodriguez-Rodriguez ("Rodriguez") appeals his sentence for illegal reentry after deportation. The issue is whether the district court correctly enhanced Rodriguez's sentence based on a determination that two prior crimes of which Rodriguez had been

-1-

convicted were "crimes of violence" under the 2001 version of United States Sentencing Guidelines ("U.S.S.G.") § 2L1.2(b)(1)(A)(ii). We conclude that, under the Texas laws in effect at the time of Rodriguez's commission of burglary of a building and unauthorized use of a motor vehicle, the state criminal statutes violated were not "crimes of violence" for the purpose of sentence enhancement under § 2L1.2(b)(1)(A)(ii). Consequently, Rodriguez's sentence must be set aside because it is excessive and unauthorized.

Rodriguez was deported from the United States in August 1995. After being found in a Texas prison on June 29, 2000, he pleaded guilty to a one-count indictment charging him with illegal reentry in violation of 8 U.S.C. § 1326(a) and (b)(2).

The pre-sentence report, which was adopted in its entirety by the district court as the factual basis for the court's sentencing decision,[1] chronicled Rodriguez's criminal history, including his Texas convictions of burglary of a building in 1990 and unauthorized use of a motor vehicle ("UUMV") in 1993. Classifying those offenses as "crimes of violence," the probation officer recommended a sixteen-level increase in Rodriguez's base offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). Rodriguez objected to the increase, contending that burglary of a building

---

[1] See Sentencing Hearing Tr. at pg. 9, ¶¶ 1-5.

-2-

and UUMV were not crimes of violence for purposes of § 2L1.2(b)(1)(A)(ii). Conceding that both of these offenses would qualify as "aggravated felonies" under § 2L1.2(b)(1)(C), Rodriguez contended that an eight-level increase should have been applied instead. The district court overruled the objection and, using a sixteen-level increase in Rodriguez's base offense level, sentenced Rodriguez to seventy-nine months of imprisonment and three years of supervised release. Rodriguez filed a timely notice of appeal.

We review this challenge to the district court's application of § 2L1.2 de novo.[2] The guidelines' commentary is given controlling weight in our review if it is not plainly erroneous or inconsistent with the guidelines.[3]

The 2001 version of § 2L1.2, under which Rodriguez was sentenced, provides for a sixteen-point increase in the base offense level if the defendant previously was deported after a conviction for a felony that is a crime of violence.[4] According to Application Note 1(B)(ii) of the commentary, "crime of violence"

> (I) means an offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another; and

---

[2] United States v. Charles, 301 F.3d 309, 312–13 (5th Cir. 2002) (en banc).

[3] Id. at 312.

[4] See U.S.S.G. § 2L1.2(b)(1)(A)(ii) (Nov. 2001).

> (II) includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including sexual abuse of a minor), robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling.[5]

Because burglary of a building and UUMV are not among the offenses specifically enumerated in Application Note 1(B)(ii)(II), they are crimes of violence only if the statutory definitions have as an element "the use, attempted use, or threatened use of physical force against the person of another."[6]  Rodriguez was convicted of burglary of a building on November 8, 1990.  Although the record does not explicitly state when the crime underlying his 1990 conviction was committed, it contains facts that conclusively demonstrate that the burglary statute violated was the 1974 version.  The 1974 Texas burglary statute, which contains the burglary of a building provision, was not altered before 1993.[7]  We are certain that Rodriguez did not commit the offense prior to 1974, because the record shows that he was born in 1963 and would have been only 11 years old in 1974.  The record indicates that

---

[5]  Id. § 2L1.2, cmt. (n.1(B)(ii)).

[6]  See United States v. Rayo-Valdez, 302 F.3d 314, 316 (5th Cir. 2002).  Our cases recognize that burglary of a building and burglary of a dwelling or habitation are distinct offenses.  See, e.g., United States v. Turner, 305 F.3d 349, 351 (5th Cir. 2002); United States v. Albert Jackson, 22 F.3d 583, 585 (5th Cir. 1994).

[7]  See TEX. PENAL CODE ANN. § 30.02 (1990).

Rodriguez had no juvenile record and no arrests prior to 1984. Therefore, Rodriguez must have committed the offense that led to his 1990 conviction of burglary of a building sometime between 1974 and 1990. Thus, we will apply the 1974 version of the Texas burglary of a building statute in determining whether Rodriguez's offense is a crime of violence for the purpose of sentence enhancement under § 2L1.2(b)(1)(A)(ii).[8]

Under the applicable Texas law,[9] a person commits burglary of

---

[8] Because the district court did not explicitly state when Rodriguez committed burglary of a building or which version of the statute applied, the dissent would remand this case to the district court for additional fact-finding. But the district court is not required to make a "catechismic regurgitation of each fact determined." See United States v. Carreon, 11 F.3d 1225, 1231 (5th Cir. 1994)(citing United States v. Sherbak, 950 F.2d 1095, 1099 (5th Cir. 1992); United States v. Lghodaro, 967 F.2d 1028, 1030 (5th Cir. 1992)). Rather, the district court can make explicit and implicit findings of fact by adopting the pre-sentence report. See id. And, we need not remand for additional factual findings so long as the basis for the district court's sentencing decision is sufficiently clear even if implicit. See id.(citing United States v. Hooker, 942 F.2d 878, 881 (5th Cir. 1991)). Here, the district court, by adopting the pre-sentence report, explicitly found as fact that Rodriguez: (1)was born on February 5, 1963; (2) was convicted of burglary of a building on November 8, 1990; and (3) had no juvenile record when it adopted the pre-sentence report as the factual basis for sentencing. Implicit in these factual findings is that Rodriguez must have committed the crime between 1974 and 1990, and therefore he was convicted under the burglary statute in effect during that period. Because the 1974 version of the burglary statute was unchanged during that time period, the district court had to implicitly find that the 1974 version controlled. And because the district court could not have reasonably made any other finding, a remand is unnecessary.

[9] See TEX. PENAL CODE ANN. § 30.02 (Vernon 1974).

a building if, without the effective consent of the owner, he:

> (1) enters a . . . building . . . not then open to the public, with intent to commit a felony or theft; or (2) remains concealed, with intent to commit a felony or theft, in a building . . . ; or (3) enters a building . . . and commits or attempts to commit a felony or theft.[10]

Rodriguez was convicted of UUMV in 1993 and the record shows that he committed that offense the same day that he was arrested in 1992. A person committed UUMV in 1992 "if he intentionally or knowingly operate[d] another's . . . motor-propelled vehicle without the effective consent of the owner."[11]

In United States v. Vargas-Duran,[12] this court, sitting en banc, held that for a non-enumerated offense to "have as an element" the use, attempted use, or threatened use, of physical force necessary for a sentence enhancement under §2L1.2, the fact of physical force must be a fact that is necessary for the prosecution to secure a conviction.[13] We then held that because

---

[10] Id.

[11] TEXAS PENAL CODE ANN. § 31.07(a) (Vernon 1992).

[12] United States v. Vargas-Duran, 356 F.3d 598 (5th Cir. 2004).

[13] Id. at 605 & 606 (internal citations omitted); see also United States v. Calderon-Pena, 2004 U.S. App. LEXIS 18036 at *14-15 (2004)(en banc)(holding that the offense of child endangerment was not a "crime of violence" under §2L1.2 because child endangerment did not "have the use, attempted use, or threatened use of physical force against the person of another as a *required* element.")(emphasis added).

the Texas offense of intoxication assault could be committed without a defendant's intentional use of physical force against the person of another, it was not a "crime of violence" under §2L1.2. This court specifically noted that its crime of violence analysis with regard to determining whether an offense included as an element the use of physical force as an element necessary to support a sentence enhancement under §2L1.2 in Vargas-Duran was consistent with the analytical approach adopted in United States v. Gracia-Cantu.[14] In Gracia-Cantu, this court determined that the Texas offense of felony injury to a child, which could be committed by an intentional, knowing, reckless, or criminally negligent act or omission,[15] did not have as an element the use of physical force necessary to constitute a crime of violence because the statute did not "*require* that the perpetrator actually use, or threaten to use physical force against a child."[16]

Similar to the crime definition statutes in Vargas-Duran and Gracia-Cantu, neither the definition of burglary of a building nor that of UUMV *requires* proof of use, attempted use, or threatened use of physical force in order to convict. For instance, a Texas

---

[14] See Vargas-Duran, 356 F.3d at 604-05.

[15] See Gracia-Cantu,302 F.3d at 311-312 (citing TEX. PENAL CODE ANN. § 22.04(a))(emphasis added).

[16] Gracia-Cantu,302 F.3d at 311-312.

prosecutor could secure a burglary of a building conviction under the 1974 statute by proving that a defendant entered into an unoccupied office building without consent in an attempt to steal office equipment.[17]  Likewise, a Texas prosecutor could secure a conviction under the UUMV statute by proving that a defendant took his friend's car up to the corner store without permission while the friend was out of town.[18]  Neither of these situations involve the use, attempted use, or threatened use of physical force against another person.  Therefore, the use of physical force cannot be a necessary or required element of these offenses and, under Vargas-Duran[19] and Gracia-Cantu,[20] neither of these offenses constitutes a crime of violence that would support a sixteen-level crime-of-violence enhancement under § 2L1.2(b)(1)(A)(ii).[21]

---

[17]  See TEX. PENAL CODE ANN. §30.02.

[18]  See TEXAS PENAL CODE ANN. §31.07(a).

[19]  See 356 F.3d at 605.

[20]  See 302 F.3d 311-312.

[21]   Our holding as it regards this generic burglary statute that punishes the "nonconsensual entry into a building with intent to commit a crime", see Silva, 957 F.2d at 162, corresponds with our conclusion in United States v. Rodriquez-Guzman.  See 56 F.3d 18, 20 (5th Cir.1995) ("To obtain a conviction under the. . .Texas burglary statutes, the state need not prove the use, attempted use, or threatened use of physical force against the person. . .of another.").  In addition, several of our sister circuits have come to the same conclusion when making "crime of violence" determinations under §2L1.2 of the guidelines. See, e.g., United States v. Gomez-Hernandez, 300 F.3d 974, 979 (8th Cir. 2002)(noting

In summary, we conclude that Rodriguez's Texas offense of burglary of a building committed between 1974 and 1990 and his UUMV offense committed in 1992 are not crimes of violence within the meaning of U.S.S.G. § 2L1.2(b)(1)(A)(ii) because neither offense as defined by state law is listed in Application Note 1(B)(ii)(II) or has as an element the use, attempted use, or threatened use of physical force against the person of another.  Accordingly, we vacate Rodriguez's sentence and remand the case to the district court for resentencing consistent with this opinion.

**VACATED AND REMANDED.**

---

that "generic" burglary has never had the use, attempted use, or threatened use of physical force against the person of another)(internal citation omitted); <u>United States v. Pereira-Salmeron</u>, 337 F.3d 1148, 1152 (9th Cir. 2003)(noting that even burglary of a dwelling, which is specifically listed as a crime of violence under the guidelines, does not categorically have as an element any touching or physical harm to the person of another); <u>United States v. Fuentes-Rivera</u>, 323 F.3d 869, 871-72 (11th Cir. 2003) (noting that California's first degree burglary statute, which includes "intent to commit grand or petit larceny or any *felony*" as an element, did not have the use, attempted use, or threatened use of physical force as an element)(emphasis added).

GARZA, Circuit Judge, concurring in part and dissenting in part:

I agree with the majority opinion's conclusion that unauthorized use of a motor vehicle does not constitute a "crime of violence" for purposes of applying U.S.S.G. § 2L1.2(b)(1)(A)(ii). Nonetheless, for the reasons expressed in my dissent in *Vargas-Duran*, I continue to believe that *Vargas-Duran* was wrongly decided. *See Vargas-Duran*, 356 F.3d 598, 610-16 (5th Cir. 2004) (en banc) (Garza, J. dissenting). Recognizing this en banc precedent, I would remand for the district court to ascertain which version of the Texas burglary statute applies, which is unclear from the record before us, and apply § 2L1.2(b)(1)(A)(ii) accordingly.

The majority opinion decides Rodriguez was convicted of burglary of a building under the 1974 version of the Texas burglary statute. It notes, however, the record does *not* explicitly say when the crime was committed or which version of the Texas burglary statute applies. The majority determines that the 1974 version of the statute applies because Rodriguez would have been only 11 years old in 1974. I do not dispute this logic. Nonetheless, determining the version of the Texas burglary statute applicable to Rodriguez is a finding of fact. It is the role of the trial court to make the findings of fact

necessary to apply the sentencing guidelines.  *See* U.S.S.G. § 1B1.1 et seq. (directing the trial court to make various factual findings).   The role of the appeals court is to review those findings.  *See United States v. Myers*, 198 F.3d 160, 163 (5th Cir. 1999) (stating that this Court reviews a district court's findings of fact under a clearly erroneous standard and its application of the Guidelines to those findings *de novo*).  Accordingly, this Court should remand, allowing the district court to fulfill its function of finding the facts necessary to apply the appropriate sentencing guidelines.

Even under the 1974 version, the district court must ascertain whether Rodriguez committed burglary of a building "with intent to commit a felony" which under the charging papers, indictment or special issues could establish a "crime of violence."  A sentencing court may go beyond the mere fact of conviction and statutory definition to determine what was *actually* required to find all the elements of a crime.  *See Taylor v. United States*, 495 U.S. 575, 602 (1990) ("For example, in a State whose burglary statutes include entry of an automobile as well as a building, if the indictment or information and jury instructions show that the defendant was charged only with a burglary of a building, and that the jury necessarily had to find an entry of a building to convict, then the Government should be

-11-

allowed to use the conviction for enhancement.").

For the above reasons, I respectfully dissent.