# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-20332
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 1, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARMANDO RAMIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CR-261

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Armando Ramirez pleaded guilty to one count of possession with intent to distribute methamphetamine and one count of conspiracy to possess with intent to distribute methamphetamine, and received a within-guidelines sentence of 135 months of imprisonment and a five-year term of supervised release on each count, to run concurrently. On appeal, Ramirez argues that the district court erred by not explicitly ruling on his requests for a minor role

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reduction pursuant to U.S.S.G. § 3B1.2 and a safety valve adjustment pursuant to U.S.S.G. § 5C1.2; by failing to adequately state on the record the reasons for its implicit denial of the requests, and by failing to conduct an evidentiary hearing when denying the safety valve adjustment.

As Ramirez did not request an evidentiary hearing, object to the district court's failure to explicitly deny the requests, or object to the district court's alleged failure to adequately explain its reasons for denying the requests below, our review is for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). While a sentencing court commits significant procedural error where it fails to adequately explain the chosen sentence, *Gall v. United States*, 552 U.S. 38, 51 (2007), the sentencing court need only "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority," *Rita v. United States*, 551 U.S. 338, 356 (2007).

Although the district court arguably did not make an explicit ruling as to the minor role reduction and safety valve adjustment, it implicitly overruled both requests and adopted the findings in the presentence report (PSR) without change. Ramirez points to no authority requiring the district court to explicitly state on the record that it is overruling an objection to the PSR. *See United States v. Rodriguez-Rodriguez*, 388 F.3d 466, 468 n.8 (5th Cir. 2004) (recognizing that the district court can make explicit and implicit findings of fact by adopting the PSR and that remand for additional fact-finding is not necessary so long as the basis for the sentencing decision is sufficiently clear even if implicit).

The basis for the district court's conclusions is clear on the record. As to the minor role reduction, the district court stated that it considered transporters to be integral parts of a conspiracy, and that Rodriguez was

present during the transaction negotiations and stood to receive a significant amount of money for his role.  As to the safety valve adjustment, in the absence of any evidence to the contrary, the district court credited the Government's assertion that Ramirez had not debriefed truthfully when he claimed that he did not have any information about the other defendants in the case.  Because the district court judge "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision making authority," *Rita*, 551 U.S. at 356, Ramirez has not demonstrated plain error.

Finally, to the extent that Ramirez raises a separate argument that the district court erred when it determined he was ineligible for the safety valve adjustment because the Government found Ramirez to be untruthful and refused to offer it, he provides no argument or analysis on the issue and has abandoned it.  *See United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010).  Even if the argument is considered, it is without merit.  While the district court is required to make the final determination as to whether the safety valve applies, *see* 18 U.S.C. § 3553(f)(5); § 5C1.2(a), Ramirez nevertheless had the burden to demonstrate that he truthfully debriefed, *see United States v. Flanagan*, 80 F.3d 143, 146-47 (5th Cir. 1996).  The district court apparently credited the Government's assertion of untruthfulness over Ramirez's assertion that he truthfully debriefed.  Ramirez provided nothing below to support his assertion, nor has he unequivocally asserted on appeal that he truthfully debriefed or cited any evidence that would have demonstrated that he truthfully debriefed.  Ramirez has shown no error, plain or otherwise.

AFFIRMED.