# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41114
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

ROGELIO RINCON-GOMEZ,

Defendant–Appellant.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 7:16-CR-266-1

Before JOLLY, SMITH, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Rogelio Rincon-Gomez appeals the sentence imposed on his conviction of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

possession with intent to distribute approximately 487 kilograms of a mixture or substance containing a detectable amount of marihuana in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) and (b)(1)(B).  He contends that a remand is necessary because (1) the district court failed to rule expressly on his request for a mitigating-role reduction per U.S.S.G. § 3B1.2; and (2) assuming it implicitly denied the request, the district court did not evaluate his culpability relative to that of the other participants and articulate a factual basis for the denial.  According to Rincon-Gomez, the court clearly erred by denying him a mitigating-role reduction because, on this record, the court could not plausibly have concluded that he was not substantially less culpable than was the average participant in the criminal activity.

Although the district court failed to make an explicit ruling on Rincon-Gomez's request for a mitigating-role reduction, it implicitly overruled the objection when it adopted the findings and guidelines calculations in the presentence report ("PSR"), as modified by its grant of the government's motion for an additional one-level reduction for acceptance of responsibility.  *See United States v. King*, 773 F.3d 48, 52 (5th Cir. 2014); *United States v. Rodriguez-Rodriguez*, 388 F.3d 466, 468 n.8 (5th Cir. 2004).  Further, the record reflects that the district court considered Rincon-Gomez's written objections to the PSR and his arguments in support of those objections.  "The district court was not required to expressly weigh each factor in § 3B1.2 on the record," *United States v. Torres-Hernandez*, 843 F.3d 203, 209 (5th Cir. 2016), and the requirement that the court articulate a factual basis for its denial of a mitigating role reduction was satisfied by its adoption of the PSR, *see United States v. Gallardo-Trapero*, 185 F.3d 307, 324 (5th Cir. 1999).

Rincon-Gomez had the burden of proving, by a preponderance of the evidence, that he was "substantially less culpable than the average participant in

the criminal activity." § 3B1.2, comment. (n.3(A)); *see United States v. Garcia*, 242 F.3d 593, 597 (5th Cir. 2001).  The district court's implicit conclusion that Rincon-Gomez failed to meet that burden is plausible in light of the record as a whole.  *See United States v. Castro*, 843 F.3d 608, 612–14 (5th Cir. 2016); *Torres-Hernandez*, 843 F.3d at 208–10.  Accordingly, the court did not clearly err by denying the request for a reduction.

The judgment is AFFIRMED.