# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-41224

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE GUADALUPE LUNA–SALINAS,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**
July 7, 2017

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CR-173-1

Before KING, PRADO, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Jose Guadalupe Luna–Salinas appeals the sentence imposed after he pleaded guilty to possession with intent to distribute more than 50 grams of methamphetamine. He contends that he should be resentenced because (1) the district court failed to expressly rule on his request for a mitigating role adjustment under U.S.S.G. § 3B1.2; or (2) assuming the district court implicitly denied this request, it erred in so doing. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-41224

## I. FACTS AND PROCEEDINGS

Luna–Salinas was arrested on February 14, 2016 at the Los Indios Port of Entry in Brownsville, Texas. Border officers noticed Luna–Salinas was behaving nervously and giving them inconsistent answers, so they referred him for further inspection. While patting Luna–Salinas down, border officers discovered two packages containing 908.8 total grams of a white powdery substance taped to his lower back, which field-tested positive for methamphetamine. Luna–Salinas admitted that he was going to be paid $500 to smuggle the packages across the border. He further stated that three men had taped the packages to his body, forced him to carry them across the border, and instructed that the packages be delivered to a specific address. He claimed that these men, who allegedly carried briefcases and high caliber weapons, had threatened to take Luna–Salinas's family (who resided in Mexico) if he did not comply. Luna–Salinas ultimately pleaded guilty, without a written plea agreement, to possession with intent to distribute more than 50 grams of methamphetamine, and the district court accepted this plea.

The probation office prepared a presentence report (PSR) that, in relevant part, denied Luna–Salinas a mitigating role adjustment under § 3B1.2 of the Guidelines. The PSR determined that § 3B1.2 did not apply to Luna–Salinas because he "occupied neither an aggravating nor mitigating role in the offense." Luna–Salinas's "participation consisted of importing methamphetamine into the United States," with plans "to transport it to a predetermined location." But there was "no information to suggest he recruited or directed the actions of others and did not appear to have any authority over the drug smuggling operation." After other adjustments, the PSR calculated a total offense level of 33. Combined with a criminal history category of I, this yielded a Guidelines range of 135 to 168 months.

No. 16-41224

Luna–Salinas filed written objections to the PSR, objecting, in relevant part, to its denial of a mitigating role adjustment. Luna–Salinas argued that he was entitled to a mitigating role adjustment because he was a "mere courier." As support for his argument, Luna asserted that he "had no understanding of the scope and structure of the criminal activity in which he participated," did not participate in the planning or organization of the criminal activity, did not hold a position of high responsibility within the criminal organization, and did not have any discretion regarding his criminal acts. "In the alternative" to granting a mitigating role adjustment, Luna–Salinas asked the district court "to consider a variance because [Luna–Salinas] did not know he was importing methamphetamine and because he was a mere courier."

In an addendum to the PSR, the probation office refuted this objection. The addendum noted that, although Luna–Salinas had claimed he was forced to carry the packages containing the methamphetamine, there was "currently no corroborating information to substantiate his claim." Further, his "participation was essential and instrumental in the commission of the instant offense" because, "[w]ithout a willing participant to smuggle the narcotics into the United States, the narcotics would not reach the illicit market." According to the addendum, it is not enough that a defendant do less than other participants in the criminal activity. Rather, to determine whether the mitigating role adjustment applies, the court must also measure the defendant's "individual acts and relative culpability against the elements of the offense."

At the sentencing hearing on August 24, 2016, the district court "adopt[ed] the PSR subject[] to its ruling." Luna–Salinas did not object to this adoption, nor did he request further explanation or factual findings by the district court. Luna–Salinas also did not raise his objection to the PSR's denial

3

No. 16-41224

of a mitigating role adjustment at the sentencing hearing.  Instead, his counsel focused on Luna–Salinas's request "[i]n the alternative" for a variance. Defense counsel enumerated the facts that warranted the variance, including Luna–Salinas's youth, education, and family circumstance.  He stated that Luna–Salinas was a "mere courier" who "had no understanding of the scope or structure of the criminal activity in the organization which he participated in." In addition, he asserted Luna–Salinas did not participate in planning the criminal activity, hold a position of high responsibility, or have any discretion in his actions.  The district court granted the variance "based upon the nature and circumstance of the offense and the history and characteristics of [Luna– Salinas]."  The court stated that, in granting the variance, it had "taken into consideration the entirety of the case, all the documentation, the statements of counsel and [Luna–Salinas]."  It sentenced Luna–Salinas to 60 months' imprisonment (48 months below the low end of the Guidelines range[1]), followed by five years of supervised release.  Luna–Salinas timely appeals his sentence.

## II.  MITIGATING ROLE ADJUSTMENT

Luna–Salinas first challenges the procedural reasonableness of his sentence, alleging that the district court erred in failing to rule on his request for a mitigating role adjustment and thus provided an inadequate factual basis for denying this adjustment.  However, Luna–Salinas did not argue at the sentencing hearing that the district court gave an inadequate explanation for its denial.  Nor did he request additional factual findings or object to the district court's adoption of the PSR.  "He could have asked the district court for further explanation during the sentencing hearing, but did not."  *United States v. Mondragon–Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).  Accordingly, Luna–

---

[1] A new Guidelines range of 108 to 135 months was calculated at the sentencing hearing, after the district court granted Luna–Salinas a two level reduction in his offense level after finding him eligible for safety valve relief.

Salinas's argument challenging the procedural reasonableness of his sentence is reviewed for plain error. *Id.*; *United States v. Fernandez*, 770 F.3d 340, 345 (5th Cir. 2014).

To show plain error, an appellant must demonstrate a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If the appellant makes such a showing, we exercise the discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* Here, however, Luna–Salinas fails to show any error by the district court. The district court was permitted to implicitly make factual findings and rule on Luna–Salinas's objections through its adoption of the PSR; it need not do so explicitly. *See United States v. King*, 773 F.3d 48, 52 (5th Cir. 2014); *United States v. Rodriguez–Rodriguez*, 388 F.3d 466, 468 n.8 (5th Cir. 2004) (per curiam). Accordingly, the district court did not err in doing so here, let alone plainly err.

Relying on *United States v. Melton*, 930 F.2d 1096 (5th Cir. 1991), Luna–Salinas nevertheless argues that remand for additional factual findings is necessary. In *Melton*, the defendant similarly argued that he was entitled to a mitigating role adjustment. *Id.* at 1099. We vacated and remanded the defendant's sentence after concluding that the record was inadequate to review this argument because the district court failed to articulate the factual basis upon which it denied a mitigating role adjustment. *Id.* However, we also noted that the defendant in *Melton*, unlike Luna–Salinas, requested at the sentencing hearing that the district court provide such a factual basis for denying the mitigating role adjustment, but the district court declined to do so. *Id.* In contrast, Luna–Salinas did not make any such request, nor did he object when the district court adopted the PSR. We have previously declined to apply the result in *Melton* when the defendant fails to object to adoption of the PSR.

No. 16-41224

*See United States v. Harris*, 24 F.3d 240, at *3 (5th Cir. 1994) (per curiam) (unpublished); *United States v. De Leon*, 996 F.2d 307, at *1 (5th Cir. 1993) (per curiam) (unpublished).  Accordingly, *Melton* does not warrant remand in this case.

Luna–Salinas next challenges the substance of his sentence, arguing that he was entitled to a mitigating role adjustment.  Whether a defendant is entitled to a mitigating role adjustment is a factual finding, and we review preserved challenges to factual findings for clear error.  *United States v. Torres–Hernandez*, 843 F.3d 203, 207 (5th Cir. 2016); *United States v. Gomez–Alvarez*, 781 F.3d 787, 791 (5th Cir. 2015).  "There is no clear error if the sentencing court's finding is plausible in light of the record as a whole." *Gomez–Alvarez*, 781 F.3d at 791 (quoting *United States v. Cisneros–Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008)).  The defendant bears the burden of proving "by a preponderance of the evidence" at the sentencing hearing that he is entitled to an adjustment to his base offense level.  *Torres–Hernandez*, 843 F.3d at 207 (quoting *United States v. Miranda*, 248 F.3d 434, 446 (5th Cir. 2001)).

Here, the parties disagree over the applicable standard of review.  The Government urges that Luna–Salinas waived his right to review of his sentence (absent manifest injustice) because (1) he requested a downward variance at the sentencing hearing and failed to mention his alternative argument, the mitigating role adjustment; or (2) he invited the district court's error.  In the alternative, the Government urges that plain error review applies because Luna–Salinas failed to raise the mitigating role adjustment objection at the sentencing hearing and did not object to the district court's failure to explicitly rule on it.  Luna–Salinas argues that he preserved his mitigating role adjustment objection, and thus it should be reviewed for clear error.  Because Luna–Salinas cannot show clear error, we need not decide whether he waived his right to review or invited the errors of which he complains.

Section 3B1.2 of the Guidelines "provides a range of adjustments for a defendant who plays a part in committing the offense that make him substantially less culpable than the average participant in the criminal activity." U.S.S.G. § 3B1.2 cmt. n.3(A). A defendant's base offense level may be reduced by two levels "[i]f the defendant was a minor participant in any criminal activity," four levels "[i]f the defendant was a minimal participant in any criminal activity," or three levels if the defendant's role falls somewhere in between. U.S.S.G. § 3B1.2. Whether to apply a mitigating role adjustment "involves a determination that is heavily dependent upon the facts of the particular case." U.S.S.G. § 3B1.2 cmt. n.3(C). Simply because a defendant performs an essential or indispensable role is not dispositive of the defendant's eligibility for a mitigating role adjustment. *Id.* The commentary to § 3B1.2 provides a "non-exhaustive list of factors" that courts "should consider" in determining the applicability of a mitigating role adjustment:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
> (v) the degree to which the defendant stood to benefit from the criminal activity

*Id.* We have recently emphasized that these factors "are nonexclusive, and . . . are only factors"; how they are weighed "remains within the sentencing court's discretion." *Torres–Hernandez*, 843 F.3d at 209–10.

Luna–Salinas argues that the district court erred in failing to address these factors and notes that the PSR was also devoid of any mention of them. But we have held that a district court does not err in failing to expressly weigh

each factor in the commentary, and simply because the PSR did not do so is not dispositive of whether the court considered the factors. *Id.* at 209. Luna–Salinas next faults the PSR for mentioning his critical role in the criminal enterprise, arguing that this analysis contravenes the commentary's instructions that such a role is not dispositive. However, it is not error to consider a defendant's critical role, provided this is not the sole factor considered in the mitigating adjustment analysis. *Compare United States v. Sanchez–Villarreal*, 857 F.3d 714, 721 (5th Cir. 2017) (concluding that the district court erred by giving "conclusive weight" to its finding that the defendant's role was critical), *with United States v. Castro*, 843 F.3d 608, 612 (5th Cir. 2016) ("[A] court does not err by taking into account a defendant's integral role in an offense in deciding whether she is entitled to a [mitigating role] adjustment, as long as her role is not the sole or determinative factor in its decision."). Here, the PSR also considered Luna–Salinas's relative culpability and the lack of any mitigating factors in determining that a mitigating role adjustment was not warranted.

Finally, we conclude that the district court's implicit finding that Luna–Salinas was not entitled to a mitigating role adjustment was plausible in light of the record as a whole. The PSR, which contained findings the district court adopted in whole, subject to its rulings, stated that, in addition to having a critical role, Luna-Salinas had average culpability relative to other participants because his participation in the offense "consisted of importing methamphetamine into the United States" with the intent "to transport it to a predetermined location," for which he would be paid $500. We cannot say that the PSR's finding that such conduct was indicative of average culpability was in error.

This conclusion is bolstered by the fact that Luna–Salinas offered scant evidence (either in his written objections to the PSR or at sentencing) in favor

of the adjustment and thus failed to meet his burden to show that he was entitled to the adjustment. The PSR noted that, although Luna-Salinas claimed that individuals threatened to take his family if he did not transport the narcotics, there was "no corroborating information to substantiate his claim." Both in his written objections and at the sentencing hearing, Luna-Salinas offered only bare assertions regarding his lack of culpability due to his mere courier status, with no no further explanation or corroborating evidence. But these bare assertions are not enough, because a courier role does not necessarily entail substantially less culpability. *Castro*, 843 F.3d at 612. Nor does § 3B1.2 "provide an affirmative right to a [mitigating role] adjustment to every actor *but* the criminal mastermind." *Id.* (quoting *United States v. Gomez–Valle*, 828 F.3d 324, 331 (5th Cir. 2016)). Accordingly, the district court's conclusion that Luna-Salinas failed to meet his burden of showing he was entitled to a mitigating role adjustment is plausible in light of the record as a whole.

## III. CONCLUSION

We AFFIRM the district court's judgment.