# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11088
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 20, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARQUIS KONRAD STREATY,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-59-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Marquis Konrad Streaty appeals the $5,000 special assessment imposed by the district court pursuant to 18 U.S.C. § 3014(a). Streaty argues that the district court clearly erred in determining that he was "non-indigent" for purposes of § 3014(a) based, in part, on his 401(k) retirement account with a balance of $17,000. He also complains about

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the "conclusory manner" in which the court determined that he was non-indigent and claims that the finding is not supported by the record.

The district court's determination of whether Streaty is indigent for purposes of the special assessment under § 3014(a) is an issue of fact that this court reviews for clear error. *See United States v. Harris*, 702 F.3d 226, 229 (5th Cir. 2012). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *United States v. Pacheco-Alvarado*, 782 F.3d 213, 220 (5th Cir. 2015) (internal quotation marks and citation omitted).

This court has yet to articulate a test for determining whether a defendant is indigent for purposes of § 3014. As such, this court applies the standard that otherwise applies to fines assessed in criminal cases. Under that standard, "[t]he defendant bears the burden of proving his inability to pay a fine, and may rely upon the [presentence report] to establish his inability to pay." *United States v. Magnuson*, 307 F.3d 333, 335 (5th Cir. 2002).

Streaty has not satisfied his burden. His argument that he is unable to pay the $5,000 special assessment is based on his own ignorance regarding the withdrawal provisions regarding his $17,000 retirement account. He cannot feign ignorance regarding the terms of his own asset and satisfy his burden of proving that he is unable to pay the special assessment. Thus, Streaty has not shown that the district court clearly erred when it considered the $17,000 balance in his 401(k) retirement account in determining that he was non-indigent for purposes of § 3014(a). *See Harris*, 702 F.3d at 229.

To the extent that Streaty complains about the district court's failure to make an express finding that he was non-indigent prior to imposing the special assessment under § 3014(a), the statute does not require such a finding. At sentencing, the court adopted the presentence report and its addendum,

No. 17-11088

including the representations regarding Streaty's financial worth, and implicitly found that he was non-indigent.  The court's implicit finding of fact in this regard is sufficient under this court's precedent.  *See United States v. Rodriguez-Rodriguez*, 388 F.3d 466, 468 n.8 (5th Cir. 2004).

Streaty further argues that the district court's implicit determination that he was non-indigent for purposes of the § 3014(a) special assessment is not supported by the record given the court's explicit finding that he did not have the financial resources or future earning capacity to pay a fine.  As the Government notes, there is nothing inherently contradictory about finding that Streaty could pay a $5,000 special assessment but could not pay the Guidelines fine range for his offense, which ranged from $30,000 to $250,000.

The judgment of the district court is AFFIRMED.